Scotty Lynn **TAYLOR**, Appellant,

v.

The **STATE** of Texas.

**Nos. 1194–99, 1195–99.**

Court of Criminal Appeals of Texas.

Sept. 12, 2001.

Craig L. Henry, Texarkana, for Appellant.

Frank Long, District Attorney, Sulphur Springs, for State.

### *OPINION*

KELLER, P.J., delivered the opinion of the Court in which KEASLER, HERVEY, and HOLCOMB, J.J., joined.

The State charged appellant with possession of cocaine and possession of methamphetamine. Appellant filed a motion to suppress the evidence seized from the home. The trial court denied the motion, concluding that appellant had no standing to object to the search because he had no reasonable expectation of privacy in his friend's residence. Appellant was convicted of the offenses. The Court of Appeals affirmed. We granted appellant's petition for discretionary review.

Having examined the record and briefs and considered the arguments in the case, we have reached the conclusion that our decision to grant review was improvident. We therefore dismiss the appellant's petition as improvidently granted.

JOHNSON, J., filed a concurring opinion.

WOMACK, J., filed a dissenting opinion, in which MEYERS and PRICE, JJ., joined.

JOHNSON, J., filed a concurring opinion.

I concur in the decision to dismiss appellant's petition as improvidently granted. I write separately to explain my reasons for doing so.

In the instant case, the court of appeals acknowledged that, under the relevant case law, an overnight guest has a legitimate expectation of privacy sufficient to allow him to assert a Fourth Amendment claim. *Taylor v. State*, 995 S.W.2d 279, 281–2 (Tex.App.—Texarkana 1999). It also acknowledged that according to the evidence, appellant arrived at the house between 11:00 p.m. and midnight, and that he left sometime just before 6:00 a.m. Id. at 280. Despite this, however, the court made the following questionable determination:

> The facts in this case do not precisely fit the definition of an overnight guest. It is clear that Taylor went to the house at night and that he showered there and visited with his friend. There is no suggestion that he slept there or otherwise behaved as an 'overnight guest.' His acts were more akin to those of a friend visiting during the day. Although he was indisputably there at night, the evidence indicates that his presence was not as the type of 'overnight guest' discussed by the cases above. The State correctly points out that there is no evidence of any intent to return to the house, and there is evidence that he had left items for a substantial length of time in a form of unpaid storage at Hall's house on previous occasions.

*Id.* at 282. The Supreme Court has stated that one's "status as an overnight guest is alone enough to show that he had an ex-

pectation of privacy in the home that society is prepared to recognize as reasonable." *Minnesota v. Olson,* 495 U.S. 91, 96, 110 S.Ct. 1684, 1688, 109 L.Ed.2d 85 (1990). Thus, we granted appellant's petition for discretionary review because it appeared that the court of appeals's analysis was incorrect and in conflict with federal precedent.

However, an examination of the record in this case reveals that appellant's status as an overnight guest was not established before the trial court. As the proponent of the motion to suppress evidence, appellant had the burden of establishing that his Fourth Amendment rights were violated by the challenged search or seizure. *Rawlings v. Kentucky,* 448 U.S. 98, 104–5, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois,* 439 U.S. 128, 130 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978). At the hearing on the motion to suppress, defense counsel's attempt to establish such a violation consisted of the following direct examination:

[Defense Counsel:] Now on or about October 28, 1997, did you have certain luggage that was stored at 805 Putman Street?

[Appellant:] Yes, I did.

[Defense Counsel:] Did you have a reasonable expectation of privacy?

[Appellant:] Yes, I did.

[Defense Counsel:] Of the contents of that luggage?

[Appellant:] Yes, sir.

[Defense Counsel:] And how many pieces of luggage did you have there?

[Appellant:] Two or three.

Moreover, an exchange between the prosecutor and defense counsel indicates that appellant's claim of a Fourth Amendment violation was based not on his status as an overnight guest, but on an expectation of privacy regarding his luggage. Defense counsel objected to the prosecutor's attempt to show the length of time at which appellant was at the house, and the following occurred:

[Prosecutor:] Judge, it goes to whether or not he was an overnight guest, whether he was just visiting in the house or whether he just dropped stuff off.

[Defense Counsel:] That's not true, Judge. He's talking about whether or not you have an expectation of privacy of the entire house. We're talking about specific luggage. And I can cite numerous cases that have been upheld by not only by the U.S. Supreme Court but also by the Court of Appeals that deal specifically with luggage. And the case in point deals with luggage that was found at a person's feet in an automobile that he didn't claim any interest in.

Although the information concerning when appellant arrived at and left the house did come before the trial court, it came in during the trial on the merits, not during the motion to suppress. Moreover, nothing in the record indicates that the defense attempted to use that evidence to argue that appellant was an overnight guest and so had a valid Fourth Amendment claim, or asked the trial court to reconsider its ruling on the motion to suppress in light of this evidence.

Nevertheless, appellant argued at the court of appeals that the trial court erred in denying the motion to suppress because appellant was an overnight guest. Thus, appellant's trial objection did not comport with the issue raised on appeal, and he therefore did not preserve error on the issue of whether he had a valid Fourth Amendment claim because he was an overnight guest. Tex.R.App. P. 33.1(a); *Ibarra v. State,* 11 S.W.3d 189, 197 (Tex.Crim. App.1999), *cert. denied,* 531 U.S. 828, 121 S.Ct. 79, 148 L.Ed.2d 41 (2000). As such, the court of appeals reached the correct result, even if for the wrong reasons. Therefore, I concur in the decision to dismiss the petition as improvidently granted.

WOMACK, J., filed a dissenting opinion, in which MEYERS and PRICE, JJ., joined.

We granted discretionary review of the Court of Appeals' decision that the appellant did not have an overnight guest's right to privacy in the premises where evidence was seized during a search of his luggage. There are two threshold issues that the Court of Appeals did not address.

One is whether the question was preserved for review. Preservation of error is a systemic requirement.[1] Ordinarily a first-level appellate court should review the record on its own motion to determine whether the appellant properly preserved the points of error for review.[2] Our rules require that a claim of error must be based on a timely, specific objection.[3] It does not appear that the appellant argued in the trial court that he was an overnight guest. Therefore, rather than dismiss the petition, we should grant review of this question on our own motion,[4] vacate the judgment of the Court of Appeals, and remand the case to that court for consideration of that issue.

Such a remand would give the Court of Appeals the opportunity to consider the second threshold question: whether evidence that was admitted during the trial should be considered on the question of whether the trial court's pre-trial ruling was erroneous.[5]

---

**1.** *Jones v. State,* 942 S.W.2d 1, 2 n. 1 (Tex.Cr. App.1997).

**2.** *Ibid.*

**3.** *See* Tex.R.App. P. 33.1(a)(1); Tex.R. Evid. 103(a)(1).

**4.** *See* Tex.R.App. P. 67.1.

**5.** *See Rachal v. State,,* 917 S.W.2d 799, 809 (Tex.Cr.App.1996); *Hardesty v. State,* 667 S.W.2d 130, 135 n. 6 (Tex.Cr.App.1984).