Affirmed and Memorandum Opinion of May 22, 2003 Withdrawn and Corrected
Memorandum Opinion filed June 5, 2003















Affirmed and
Memorandum Opinion of May 22, 2003 Withdrawn and Corrected
Memorandum Opinion filed June 5, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-02-00266-CR

               14-02-00267-CR &

           14-02-00268-CR

_______________

 

WEYLIN DAWSON SPRADLEY

A/K/A WAYLON
ROBERTS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________

 

On Appeal from 351st District Court

Harris County, Texas

Trial Court Cause Nos. 895544,
854901 & 854902

____________________________________________

 

C O R R E C T E D   M E M O
R A N D U M   O P I N I O N

 

            The memorandum opinion previously
issued on May 22,
 2003 is withdrawn and this corrected memorandum opinion is issued
in its place.

            Appellant, Weylin
Spradley, appeals his conviction for possession of a
chemical dispensing device, namely an aerosol can containing the pepper spray oleoresincapsicum (“OC”). 
He also appeals the revocation of his probation for filing a false
report and adjudication of a prior offense for impersonating a public servant.  In five points of error, he alleges that (1)
the inventory search of his car was unconstitutional; (2) the “OC spray”
statute is void for vagueness; (3) the evidence was factually insufficient to
support conviction for possession of OC spray; (4) the evidence was legally
insufficient to revoke probation for filing a false report; and (5) the
evidence was legally insufficient to adjudicate his guilt for impersonating a
public servant.  We affirm. 

Facts

            Before the events relevant to the
instant case, appellant was placed on two years’ probation for making a false
report and five years’ deferred adjudication for impersonating a public
servant.  Appellant was required, as a
condition of his probation in both cases, to surrender all police-related equipment
and to refrain from acquiring additional police-related equipment.  

            Officer Todd Janke
of the Houston Police Department (HPD) was informed that appellant possessed
police-related items.  Officer Janke then discovered appellant was not only on probation,
but also had three outstanding arrest warrants. 
Officer Janke decided to arrest appellant
following the next visit with his probation officer.  After the visit, police watched appellant
enter his car, a white Chevrolet Lumina with blue lights mounted on the dash, a
protective cage separating the front and back seats, and antennas on the
trunk.  He arrested appellant for the
outstanding warrants and conducted an inventory search of the car.  Police found the following items: can of OC
spray, asp baton, handcuff case, handgun, Streamlight
flashlight, fanny pack used to carry a gun, police scanner radio, two sets of
Smith and Wesson handcuffs, police boots, two-way radio, two shoulder
microphones, two Riverdale Patrol shoulder patches, stun gun, bullet proof vest,  black folder
containing a State of Texas Bail Enforcement Agent badge and an identification
card in his name.  

            Because the OC spray was of a size
and concentration unavailable to the general public, appellant was charged with
possession of a prohibited weapon. 
Additionally, because appellant was in possession of police-related
items, the State sought revocation of his probation for filing a false report
and adjudication of the impersonating a public servant offense.  At trial, HPD Crime Lab chemist James Miller
identified the OC spray can bearing the labels “Phase IV Tactical OC Aerosol”
and “Law Enforcement Use Only.”  Officer
Tony Lee testified that officers are required to complete training before they
can use OC spray and must present some police identification before OC spray
can be purchased.  He also testified that
individuals who are sprayed with OC experience a temporary closure of the eyes,
uncontrollable coughing, and “mild” panic. 
Another witness, Bryan Johnson, testified that he was the manager of a
local bonding agency where appellant inquired about bounty hunting.  Appellant had represented to him that he was
a licensed private investigator.  After
appellant produced his license, Johnson gave him eight files to handle.  The files were found in appellant’s car after
his arrest.  Richard Ross of the Texas
Commission of Private Security testified that appellant did not have a private
investigator’s license.  

            Appellant’s grandfather, Marion
Roberts, testified that he was the true owner of the white Chevrolet
Lumina.  He gave appellant permission to
drive it.  Roberts also claimed ownership
of most of the police-related items found in the car.  He testified he bought them after appellant
was placed on probation.  Appellant
denied ownership of the police-related items, and he testified that after being
placed on probation, he purchased only radios in order to monitor the fire
departments.  He admitted taking the case
files from Johnson, but claimed that he did nothing with them because he could
not get a license.  Also, he denied
showing a license to Johnson, but admitted to fabricating his own bail agency
identification card.  However, he claimed
that he made the identification card prior to commencement of probation. 

Inventory Search

            In appellant’s first point of error,
he contends the trial court erred in admitting items recovered from the car
because the search was unreasonable and not based on probable cause.  Specifically, he claims the inventory search
was illegal because it was not conducted pursuant to lawful impoundment of the
car.  However, appellant did not lodge an
unlawful impoundment objection before the trial court.  Instead, he objected that the State failed to
produce the arrest warrants in the trial court, and, without valid warrants,
there were no grounds for a warrantless arrest.  To preserve error on appeal, the objection at
trial must specifically set forth the grounds for the objection.  Villareal v. State, 811 S.W.2d
212, 217 (Tex. App.—Houston [14th Dist.] 1991, no pet).  Because his complaint on appeal differs from
that presented to the trial court, we conclude appellant failed to preserve
this issue for our review.  Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002) (point of error on appeal must
comport with objection made at trial); Taylor
v. State, 55 S.W.3d 584, 585 (Tex. Crim. App.
2001) (appellant’s trial objection did not comport with issue raised on appeal,
thus he did not preserve error), cert.
denied, 112 S. Ct. 1123 (2002).  Accordingly, we overrule appellant’s first
point of error.  

OC Spray Statute

 In appellant’s
second point of error, he contends that section 46.05(a)(8) of the Texas Penal
Code, which prohibits possession of a chemical dispensing device, is
unconstitutional as applied and void for vagueness.  However, to preserve a complaint for
appellate review, a party must make a timely request, objection, or motion with
sufficient specificity to apprise the trial court of
the complaint.  Tex. R. App. P.
33.1(a); Saldano v. State, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002).  Even constitutional complaints may be waived
by failure to timely raise an objection in the trial court.  See
Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). 
Thus, a complaint that a statute is unconstitutional as applied because
of vagueness must be raised in the trial court in order to preserve error.  See
McGowan v. State, 938 S.W.2d 732, 741–42 (Tex. App.—Houston [14th Dist.]
1996), aff’d on other grounds sub nom., Weightman v. State, 975 S.W.2d 621 (Tex. Crim. App. 1998). 
Appellant failed to raise this issue in the trial court.  Accordingly, we overrule appellant’s second
point of error.  Legal and Factual Sufficiency

            In his remaining three points of
error, appellant challenges sufficiency of the evidence supporting his OC spray
conviction and for revocation of his probation and deferred adjudication.  

A.  Possession of OC Spray

            In issue three, appellant challenges
both the legal and factual sufficiency of his conviction for possession of a
prohibited weapon, namely OC spray.  When
reviewing the legal sufficiency of the evidence, we must examine the evidence
in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000).  In making this determination, we review all
the evidence admitted including improperly admitted evidence.  Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).  Questions concerning the credibility of
witnesses and the weight to be given their testimony are to be resolved by the trier of fact.  Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim.
App. 1998). 

            In analyzing whether the evidence
was factually sufficient to support the conviction, we must determine “‘whether
a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.’”  Zuliani
v. State, 97 S.W.3d 589, 593–94 (Tex. Crim. App.
2003) (quoting Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000)).  We will set the verdict aside only if it is
so factually insufficient or against the great weight and preponderance of the
evidence as to be clearly wrong and manifestly unjust.  See Johnson, 23 S.W.3d at
11; Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  In
conducting this analysis, we must defer to the jury’s determination concerning
the weight given contradictory evidence. 
See Johnson, 23 S.W.3d at 8; Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997); Santellan v. State, 939 S.W.2d 155, 164–65 (Tex. Crim.
App. 1997). 

            A person commits an offense if he
intentionally or knowingly possesses, manufactures, transports, repairs, or
sells a chemical dispensing device.  Tex. Pen. Code Ann.
§ 46.05(a)(8) (Vernon 2002).  A chemical dispensing device is defined as “a
device, other than a small chemical dispenser sold commercially for personal
protection, that is designed, made, or adapted for the purpose of dispensing a
substance capable of causing an adverse psychological or physiological effect
on a human being.”  Tex. Pen. Code Ann. § 46.01 (Vernon 2002).  

            A review of the evidence shows that
after appellant’s arrest, police found in his possession a large can of OC
spray containing 10% oleoresincapsicum solution.  The device was labeled “Law Enforcement Use
Only.”  HPD Crime Lab chemist James
Miller testified that personal use OC spray is one-half the size of the can
found in appellant’s possession and is labeled either 2% or 3% in concentration.  He further testified that the larger cans
must be purchased at either a police supply store or over the internet.  Officer Tony Lee testified that one would
experience uncontrollable coughing and mild panic if sprayed with 10% OC spray.  Additionally, in order to buy the 10% OC
spray, one must present police identification. 
Accordingly, we find there is legally sufficient evidence that appellant
was in possession of OC spray in violation of section 46.05(a)(8).


            Appellant further contends the
evidence is factually insufficient because the officers who testified at trial
did not know possession of 10% OC spray violated the penal code.  We find appellant’s arguments
irrelevant.  Moreover, the fact that
appellant was allowed to purchase the can at a police supply store without
showing identification does not mitigate culpability for possession of the 10%
OC spray.  The OC spray can was
sufficiently labeled to put appellant on notice that it was for police use
only.  Accordingly, we find the verdict
was not against the great weight of the evidence and overrule appellant’s third
point of error. 

B.  Revocation of Probation

            In his fourth issue, appellant
contends the evidence was legally insufficient to support the trial court’s
revocation of his probation for filing a false report.  However, our review of  probation revocation is limited to
whether the trial court abused its discretion. 
Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State, 645
S.W.2d 303, 305 (Tex. Crim. App. 1983).  The State must prove by a preponderance of
the evidence that 

 class=Section2>

appellant
violated a condition of probation as alleged in the motion to revoke.  Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim.
App. 1993).  In its motion to
revoke, the State alleged that appellant committed three probation violations:
(1) intentionally or knowingly carrying a nightstick; (2) intentionally or
knowingly engaging in the business of an investigations company without having
a license; and (3) possessing police-related items. 

            In determining sufficiency of the
evidence to sustain revocation, we view the evidence in the light most
favorable to the trial court’s ruling.  Jones v. State, 589
S.W.2d 419, 421 (Tex. Crim. App. 1979).  Additionally, “one sufficient ground for
revocation supports the trial court’s order to revoke probation.”  Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. 1980).  Appellant denies possessing a nightstick and
engaging in the investigation business, but he does not contest possession of
other police-related items.  He merely
argues that the search of his vehicle was illegal.  Accordingly, we find there was at least one
sufficient ground for revocation –– possession of the police-related
items.  We overrule appellant’s fourth
point of error.  

C.  Adjudication of Guilt for
Impersonating a Public Servant

            In appellant’s final point of error,
he contends the evidence of probation violations was legally insufficient to
permit adjudication of his guilt for impersonating a public servant.  However, no appeal may be taken from the
trial court’s determination to proceed with adjudication of guilt on the
original charge.  See Tex.
Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2002); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). 
Therefore, we have no jurisdiction over appellant’s last issue.  

            Accordingly, the judgments of the
trial court are affirmed.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Corrected Memorandum Opinion filed June 5, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do
Not Publish — Tex. R.
App. P. 47.2(b).