Affirmed and Memorandum Opinion filed July 20, 2004









Affirmed and Memorandum Opinion filed July 20, 2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01215-CR

____________

 

JENNIFER RENEE
SALAZAR,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 942,653

 



 

M E M O R A N D U M   O P I N I O N

Following the trial court=s denial of her
pre-trial motion to suppress evidence, appellant Jennifer Renee Salazar pleaded
guilty to the offense of possession with intent to deliver more than four but
less than 200 grams of methamphetamine. 
The trial court assessed punishment at ten years= deferred
adjudication and a $1000 fine.  Appellant
claims in her sole point of error that the trial court erred in denying her
motion to suppress.  We affirm.








On March 18, 2003, Harris County Sheriff=s Deputy Ron
Morrison received information from a confidential informant that drug
transactions were occurring at a residence at 12011 Lennington in Houston.  At approximately 3:00 a.m., Deputy Morrison
and the informant went to 12011 Lennington. 
The informant told Deputy Morrison that AJon@ lived there, and
a license check of the vehicle in the driveway showed it to be registered to
Jonathan Duhig.  

Deputy Morrison, who had now been joined
by five other officers, decided to conduct a Aknock and talk@
investigation.  Though a television
appeared to be on in a bedroom at the front of the house and he heard movement
inside, no one answered the door after Deputy Morrison knocked approximately
ten times.  He then shined a flashlight
through a window at the top of the door and observed on the coffee table items
that he believed to be drug contraband.

Deputy Morrison and his team then moved to
the back of the house, where he again saw the drug contraband through the glass
patio door, which was open about six inches. 
He also smelled the odor of marijuana from an air conditioning unit
hanging out of a back window, and when he looked through a crack in that
window, he saw a marijuana growing lab with approximately 150 marijuana plants.

Deputy Morrison=s team entered the
house and found appellant hiding in a bedroom under some blankets and her
co-defendant, Duhig, under the bed in a different bedroom.  Appellant and Duhig were removed from the
residence.  Deputy Morrison then obtained
a search warrant and seized the contraband he had previously observed.

Appellant filed a motion to suppress,
complaining of the warrantless search of the residence.  We do not reach the issue of the propriety of
the warrantless search because we conclude, as did the trial court, that
appellant has no standing to challenge the search.








A party bringing a motion to suppress
bears the burden of establishing all of the elements of a Fourth Amendment
claim.  State v. Klima, 934 S.W.2d
109, 111 (Tex. Crim. App. 1996).  One of
those elements requires proof that the individual has a privacy interest in the
premises searched.  Id.  This concept is often referred to in terms of
Astanding@ to assert a
Fourth Amendment claim.[1]  Standing is a question of law that we review
de novo.  State v. Johnson, 896
S.W.2d 277, 285 (Tex. App.CHouston [1st
Dist.] 1995), aff=d, 939 S.W.2d 586
(Tex. Crim. App. 1996).

Appellant asserts that A[a] person cannot
be in a more private place than in her own bed in her own bedroom.@  However, no record evidence establishes that
either the bed or the bedroom were hers. 
The evidence shows only that she was present in Duhig=s house and hiding
in a bed when the police entered.[2]








Appellant correctly states that overnight
guests have a legitimate expectation of privacy in their host=s home.  See Minnesota v. Olson, 495 U.S. 91,
96B97 (1990).  However, she offered no evidence that she was
in fact Duhig=s overnight guest.  Mere presence at night does not establish
status as an overnight guest.  See
Taylor v. State, 995 S.W.2d 279, 282 (Tex. App.CTexarkana 1999)
(concluding that appellant was not an overnight guest, A[a]lthough he was
indisputably there at night@), pet. dism=d, improvidently
granted, 55 S.W.3d 584 (Tex. Crim. App. 2001); see also Minnesota v. Carter,
525 U.S. 83, 90 (1998) (A[A]n overnight guest in a home may claim
the protection of the Fourth Amendment, but one who is merely present with the
consent of the householder may not.@).  Appellant presented no evidence to show that
she was an overnight guest, such as the presence of overnight bags or
toiletries or being dressed in sleeping attire. 
The record is bare of facts to explain appellant=s presence at
Duhig=s house or her
relationship with Duhig, nor is there any other indicia of a legitimate
expectation of privacy in his residence. 
It was appellant=s burden to establish a privacy interest,
and we will not infer facts to grant her standing.  See Calloway v. State, 743 S.W.2d 645,
650 (Tex. Crim. App. 1988).  We overrule
appellant=s point of error.

Having overruled appellant=s sole point of
error, we affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 20, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The United
States Supreme Court has stated a preference for using language focusing on an
the individual=s Fourth Amendment expectation of privacy rather the
concept of Astanding,@ but it
noted that the inquiry under either approach is the same.  Rakas v. Illinois, 439 U.S. 128, 138B40 (1978). 
Because Texas courts have continued to use standing language, see,
e.g., Klima, 934 S.W.2d at 111, we will do so as well for ease of
reference.





[2]  At the
suppression hearing, Deputy Morrison, when describing what he saw upon entering
the residence, stated that he found appellant Ain her
room hiding under some blankets@ while Duhig was Ahiding
under his bed.@  As appellant
did not testify or offer any other evidence, this is apparently what she relies
on when stating in her brief that she was in her bed in her bedroom when Deputy
Morrison found her.  From this statement,
appellant would have us infer that when Deputy Morrison entered the house, he
knew the residents and knew which room they occupied.  Appellant cannot meet her burden to establish
a legitimate expectation of privacy with such inference and speculation.  See Bodin v. State, 807 S.W.2d 313,
318 (Tex. Crim. App. 1991) (stating that defendant cannot meet burden of
showing need for disclosure of informer=s
identity with Amere conjecture or speculation@).