PD-0574-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/1/2015 4:18:46 PM
Accepted 6/1/2015 4:26:07 PM
ABEL ACOSTA
CLERK

## OFFICE OF THE DISTRICT ATTORNEY

JARVIS PARSONS
District Attorney



300 EAST 26TH STREET
SUITE 310
BRYAN, TEXAS 77803

979/361-4320
FAX: 979/361-4368

## BRAZOS COUNTY, TEXAS

June 1, 2015

Honorable Abel Acosta
Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

> RE: George Riley Williams, Jr. v. The State of Texas
> Court of Criminal Appeals case no. PD-0574-15
> Court of Appeals case no. 10-15-00028-CR

Dear Mr. Acosta:

Enclosed please find an original of the State's Reply to Appellant's Petition for Discretionary Review in the above referenced matter. Ten copies will be mailed pursuant to Tex. R. App. P. 9.3(b). I am forwarding a copy of same to the Attorney for Appellant and to the State Prosecuting Attorney.

FILED IN
COURT OF CRIMINAL APPEALS

June 1, 2015

ABEL ACOSTA, CLERK

Yours truly,

/s/ *Jessica Escue*

Jessica Escue
Assistant District Attorney
Brazos County, Texas

cc:    Lane D. Thibodeaux, Attorney for Appellant
       State Prosecuting Attorney

CASE NO. PD-0574-15

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

GEORGE RILEY WILLIAMS, JR.,
Appellant

VS.

THE STATE OF TEXAS

_____

On Appellant's Petition for Discretionary Review
from the Tenth Court of Appeals in case no. 10-15-00028-CR.
Affirming the conviction in cause no. 14-000978-CRF-272
in the 85th District Court of Brazos County, Texas.

_____

STATE'S REPLY TO APPELLANT'S
PETITION FOR DISCRETIONARY REVIEW

_____

JARVIS PARSONS
DISTRICT ATTORNEY
BRAZOS COUNTY, TEXAS

Jessica Escue
Assistant District Attorney
State Bar Number 24059726
300 E. 26th Street, Suite 310
Bryan, Texas  77803
(979) 361-4320
Fax: (979) 361-4368
jescue@brazoscountytx.gov

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ..................................................................................

STATEMENT REGARDING ORAL ARGUMENT .................................................

STATEMENT OF THE CASE..............................................................................

STATEMENT OF PROCEDURAL HISTORY.........................................................

STATE'S REPLY TO APPELLANT'S GROUND FOR REVIEW ..........................

Appellant's petition should be refused where:

1.  This Court has already considered and rejected Appellant's issue. *See Lungren v. State,* 434 S.W.3d 594, 598-99 (notice of appeal was not effective because defendant entered into a binding appellate waiver as part of his plea bargain agreement); *Blanco v. State,* 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000).

2.  Appellant has not demonstrated that the court of appeals' opinion is in conflict with any established precedent of law. *See Taylor v. State,* 55 S.W.3d 584, 585 (Tex. Crim. App. 2001).

PRAYER ..........................................................................................................

CERTIFICATE OF SERVICE ...........................................................................

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4 ...........................

# INDEX OF AUTHORITIES

**CASES**

*Blanco v. State,* 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000)...............................

*Jacobo-Salas v. State,* No. 01-09-00899-CR, 2010 WL 2133939 at \*1-\*2 (Tex. App.—Houston[1st Dist.] May 27, 2010, no pet.)........................................................ 4

*Jenkins v. State,* No. 01-00-01187-CR, 2001 WL 783698 at \*1 (Tex. App.—Houston[1st Dist.] 2001, pet. ref'd)................................................................................

*Lungren v. State,* 434 S.W.3d 594, 598-99..................................................................

*Ex parte Reedy* 282 S.W.3d 492 (Tex. Crim. App. 2009)............................................

*Taylor v. State,* 55 S.W.3d 584, 585 (Tex. Crim. App. 2001).....................................

**RULES**

Tex. R. App. P. 25.2(a) .................................................................................................

CASE NO. PD-0574-15

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

GEORGE RILEY WILLIAMS, JR.,
Appellant

VS.

THE STATE OF TEXAS
_____

On Appellant's Petition for Discretionary Review
from the Tenth Court of Appeals in case no. 10-15-00028-CR.
Affirming the conviction in cause no. 14-000978-CRF-272
in the 85th District Court of Brazos County, Texas.

_____

STATE'S REPLY TO APPELLANT'S
PETITION FOR DISCRETIONARY REVIEW
_____

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, the State of Texas, by and through its District Attorney, and

files this brief in compliance with Rule 68, Texas Rules of Appellate Procedure, in

response to Appellant's ground for review.

## **STATEMENT REGARDING ORAL ARGUMENT**

The State requests oral argument only if granted to Appellant.

1

## STATEMENT OF THE CASE

Appellant was indicted for the felony offense of Evading Arrest or Detention with a Vehicle, which was enhanced to habitual offender status with two prior convictions. (CR 6). Appellant pled not guilty to the charge on November 12, 2014, at the beginning of his jury trial. (3 RR 73). The jury found Appellant guilty of Evading Arrest as alleged in the indictment. (4 RR 154). Before punishment began, Appellant and the State reached an agreement on punishment, whereby Appellant pled true to the enhancement paragraph and waived his appellate rights, and the State agreed to a punishment of 30 years. (CR 36; 5 RR 4-12).

## STATEMENT OF PROCEDURAL HISTORY

The Tenth Court of Appeals dismissed Appellant's appeal on March 19, 2015 on the grounds that the certificate of appeal indicated that Appellant waived his appellate rights. Appellant filed a Motion for Rehearing on March 24, 2015. The Court of Appeals asked for a response from the State, which was filed on April 15, 2015. Appellant's Motion for Rehearing was denied on April 22, 2015. Appellant filed his petition for discretionary review on May 15, 2015. The State has until June 1, 2015 to respond to Appellant's petition for discretionary review.

## APPELLANT'S GROUNDS FOR REVIEW

**Whether waiver of right to appeal, executed at the punishment stage of trial as part of a plea bargain agreement, waives appeal of later matters raised and ruled on at the Motion for New Trial Stage.**

## STATE'S REPLY

Appellant's petition should be refused where:

1.  This Court has already considered and rejected Appellant's issue. *See Lungren v. State,* 434 S.W.3d 594, 598-99 (notice of appeal was not effective because defendant entered into a binding appellate waiver as part of his plea bargain agreement); *Blanco v. State,* 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000).

2.  Appellant has not demonstrated that the court of appeals' opinion is in conflict with any established precedent of law. *See Taylor v. State,* 55 S.W.3d 584, 585 (Tex. Crim. App. 2001).

*Discussion*

Appellant argues that his issue – Whether a defendant can appeal the trial court's denial of his motion for new trial when he entered into a binding agreement waiving appeal – is an issue of first impression for this Court. (Petition at 1). However, this Court has already considered and rejected Appellant's argument. *See Lungren,* 434 S.W.3d at 598-99. Furthermore, review to this Court should not be granted where Appellant has not demonstrated that the court of appeals' opinion is in conflict with any established precedent of law. *See Taylor v. State,* 55 S.W.3d 584, 585 (Tex. Crim. App. 2001).

In general, a defendant that voluntarily enters into a plea agreement may

3

only appeal: (1) matters raised by a written motion filed and ruled on before trial or (2) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a). However, if a defendant as part of the plea-bargain process waives his right to appeal, the court of appeals loses any jurisdiction to consider the appeal. *Lundgren,* 434 S.W.3d at 598-99; *Jacobo-Salas v. State,* No. 01-09-00899-CR, 2010 WL 2133939 at *1-*2 (Tex. App.—Houston[1st Dist.] May 27, 2010, no pet.) (not designated for publication) (because the defendant waived his appeal as part of his agreement to a punishment cap, the court of appeals was without jurisdiction to consider any appellate issue – including his complaints about the motion for new trial – on appeal); *Jenkins v. State,* No. 01-00-01187-CR, 2001 WL 783698 at *1 (Tex. App.—Houston[1st Dist.] 2001, pet. ref'd) (not designated for publication) (the court of appeals is without jurisdiction to consider the defendant's claims that his plea was involuntary, his counsel was ineffective, or that the trial court erred in denying his motion for new trial, as the record demonstrated that the defendant waived his right to appeal as part of his plea bargain, and the trial court did not give the defendant permission to appeal).

Like *Lundgren, Jacobo-Salas*, and *Jenkins* the record reveals that Appellant waived his right to appeal his case as part of his binding plea bargain agreement. Before Appellant's plea was entered, he was repeatedly admonished about the effect of his plea and the fact that he would be giving up his right to appeal:

4

THE COURT: All right. Raise your right hand, Mr. Williams.

(Defendant sworn.)

THE COURT: You're George Williams, Jr.; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Williams, you are the same George Riley Williams, Jr. who the jury found guilty of the charge yesterday, evading arrest or detention with a vehicle; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Now, I understand you have reached a plea bargain on punishment?

THE DEFENDANT: Yes, sir.

THE COURT: All right. And, first of all, let me go over with you these enhancement paragraphs. You know what the indictment is saying with regard to two prior convictions of penitentiary offenses?

THE DEFENDANT: Yes, sir.

MR. BARRON: We just went -- went over that again.
THE COURT: All right. It's saying on 13 January 1987 in Cause Number 13404 in the 82nd District Court of Robertson County, Texas, you were convicted of a felony offense of possession of a controlled substance. They're saying that's the day you were convicted of that.

THE DEFENDANT: Yes, sir.

THE COURT: Is that true or not true?

THE DEFENDANT: That's true.

THE COURT: Okay. Furthermore, in Paragraph 2 of the

5

Enhancement Section, it says in Cause Number 13404, the felony offense of possession of a controlled substance with intent to deliver, you were convicted on 19 June 2007 in this very court, the 272nd, in Cause Number 06-05539.

Do you know what that's talking about?

THE DEFENDANT: Yes, sir, I do.

THE COURT: And is that true or not true?

THE DEFENDANT: It is true.

THE COURT: Okay. Now, you understand that you have a right to go ahead and go through a punishment phase with me and have me assess your punishment and preserve your right to appeal.

THE DEFENDANT: I understand that.

THE COURT: Okay. And you understand, as I do, that you had some pretty good points you raised through your attorneys during the guilt/innocence phase on appeal.

THE DEFENDANT: Yes.

THE COURT: Okay. And, particularly, with regard to the entry of your home and the touching of your car and those circumstances out there where your mother was present when the officer entered. You know, you're giving up your right to complain about those points of appeal.

THE DEFENDANT: Yes.

THE COURT: And although I thought I was right when I ruled against you on that, an appellate court might not agree with me. You're giving up a chance to find out about that.
Do you understand that?

THE DEFENDANT: I do.

THE COURT: Is that what you want to do?

THE DEFENDANT: I'm going to go ahead and give up that right.

MR. BARRON: Judge, I've also explained to him the issues that we raised and the fact that he testified might waive some of those issues.

THE COURT: I understand that has a bearing on that. I hadn't thought about that; but, in any event, you may get over there to prison and start listening to some of those legal experts inside the bars; and – and they may tell you, "What in the world? Why did you plead? Why did you reach a plea bargain? You should have appealed."

THE DEFENDANT: Yes, that's a possibility.

THE COURT: So, you know, they're going to be able to talk very influentially and convince you that you were wrong today when you did this. So, I'm telling you ahead of time what they're going to tell you.

THE DEFENDANT: I pretty much know that.

THE COURT: Okay. You've been over there before. So, you know how that goes, don't you?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. So, knowing all that, you still want to stay with your plea bargain here?

THE DEFENDANT: Yes, sir.

THE COURT: And are you satisfied with what your attorneys have done?

THE DEFENDANT: Yes.

THE COURT: You have any complaints about the way the system has

7

treated you to this point?

THE DEFENDANT: No, I don't.

THE COURT: Okay.

MR. BARRON: And just for the record, Your Honor, I had told him that in a punishment hearing, he's looking at a punishment range of 25 years to life if the priors were proven.

THE COURT: Uh-huh.

MR. GOSS: And we do have the prior judgments present here in the courtroom with fingerprints and our fingerprint expert ready to prove up those.

THE COURT: Okay. So, you know, the State's going to have their side of the case, too, in punishment; and that's something to think about also. It's not all just points that you're giving up. It's you're avoiding some things that could be bad.

THE DEFENDANT: Yes.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. You're also waiving your right to put on witnesses at the punishment phase and to have me hear those in your behalf: Character witnesses; your mother; you know, you, again, if you want to get up there. And if you didn't get up there, I could not hold your silence against you.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And it is your desire -- or is it your desire to waive your -- your right to contest these convictions or testify or have other

witnesses testify and your lawyer cross-examine the State's witnesses if they put on anybody? Is that what you want to do?

THE DEFENDANT: That's what I want to do, Your Honor.

THE COURT: Pardon me?

THE DEFENDANT: That's what I want to do.

THE COURT: Okay. All right, sir. So, you want to waive your right to appeal?

THE DEFENDANT: I'm waiving my right to appeal.

THE COURT: Okay, sir. Do we have a waiver of appeal form here?

MR. BARRON: Yes, sir.

COURT COORDINATOR: Yes, sir.

THE COURT: Where is it?

MR. BARRON: I think it's under that first document. You just had it, Judge. It's the second one right there.

THE COURT: That's not what I would call a waiver of appeal. This is just a notification of his rights of appeal.

MR. BARRON: Well, at the bottom, he checks the Defendant's waived appeal.

THE COURT: All right. Okay. So, I'm looking at this form here entitled Trial Court Certification of Defendant's Right to Appeal. You signed where it has Judge there. You need to sign down below.

MR. BARRON: That's my fault. Judge. Williams, you'll have to change that.

THE DEFENDANT: Excuse me, Your Honor.

9

THE COURT: That's all right.

THE DEFENDANT: Right here. Okay.

THE COURT: So, we've got the block checked that you have waived your right to appeal here; and by your signature, do you understand that's what you're doing?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. I'm going to approve your waiver of your right to appeal. Do you understand that if you appealed and you lost at the first level, you then would have another appeal to the -- possibly to the Court of Criminal Appeals in Austin?

THE DEFENDANT: I understand, Your Honor. I think I've wasted enough of the Court's time.

THE COURT: Okay. And even then, you might have a Writ of Certiorari to the United States Supreme Court on these Constitutional questions.
        Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You're waiving that, also?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. All right. Anything else I need to take up with him prior to sentencing this?

MR. GOSS: No. No, sir.

MR. BARRON: No, sir, he wanted to make a statement before sentencing.

THE COURT: Do you want to make a statement now or after the

10

sentencing?

THE DEFENDANT: Before.

THE COURT: Go ahead, sir.

THE DEFENDANT: Your Honor and District Attorney and everybody present, I'm sorry for wasting the Court's time.

THE COURT: Okay. So, why do you say it was a waste of the Court's time?

THE DEFENDANT: Because I feel like I was wasting the Court's time, Your Honor.

SENTENCE OF THE COURT

THE COURT: Okay. Well, all right. I receive what you say.
I find you guilty based on the jury verdict of guilt and assess is your punishment at 30 years in the Institutional Division of the Texas Department of Criminal Justice. I find the enhancement counts to be true, and I sentence you to 30 years in prison.

(5 RR 4-12).

Since Appellant affirmatively waived his right to appeal as part of his plea agreement and did not obtain permission from the trial court to appeal -- like *Lundgren, Jenkins,* and *Jacobo-Salas* – the court of appeals lacks jurisdiction to consider Appellant's complaints.

*Appellant's Arguments*

Notwithstanding the Appellant's informal and voluntary waiver, he believes this Court should grant the petition, and ultimately allow him to appeal the denial

11

of his motion for new trial, because several unforeseeable claims have arisen since the waiver of appeal. (Petition at 3). Consequently, Appellant argues that his waiver of appellate rights should be set aside and he should be allowed to file an appeal on his case. To support his claim, Appellant cites *Ex parte Reedy* 282 S.W.3d 492 (Tex. Crim. App. 2009) and *Lundgren v. State,* 434 S.W.3d 594 (Tex. Crim. App. 2014).

First, *Lundgren* supports the State's argument, rather than Appellant's. In *Lundgren,* the defendant pled guilty to driving while intoxicated and, as part of his plea, he waived his appellate rights. *Lundgren,* 434 S.W.3d 595-97. However, the plea bargain did not make mention of any waiver of the defendant's right to file a motion for new trial. *Id.* The defendant attempted to file a motion for new trial, as well as a notice of appeal in the case, in order to delay the beginning of his probation term. *Id.* This Court held that where a plea bargain does not mention the waiver of a motion for new trial, the defendant is entitled to file one. Consequently, the defendant's probation term did not start until after the trial court ruled on the motion for new trial. *Id.* at 599-600. However, the defendant did not have the right to file an appeal in the case, because he waived his appellate rights as part of a bargained-for plea. *Id.* at 598-99 ("But Appellant's timely notice of appeal was *not* effective in this case because he had previously entered into a binding appellate waiver, as the court of appeals held.").

12

Like *Lundgren,* Appellant's plea bargain does not contain any mention of a motion for new trial. (CR at 36). However, Appellant did formally waive his appellate rights both in writing in the plea agreement, and during the trial court's admonishments. (CR at 36; 5 RR 4-12). Consequently, like *Lundgren,* Appellant's notice of appeal was not effective.

Appellant's second case, *Ex parte Reedy* 282 S.W.3d 492 (Tex. Crim. App. 2009), is completely distinguishable from Appellant's case. *Reedy* concerned a defendant waiving any future *habeas* rights – such as actual innocence – which could not be reasonably anticipated at the time the waiver was entered into. *Id.* at 497-99. Such a waiver would leave a defendant without the possibility of having any relief from a conviction because of an unanticipated, unforeseeable error. *Id.*

Unlike Reedy, Appellant's grounds in the motion for new trial were not unforeseeable.[1] Appellant's claims in his motion for new trial complain about: 1) the Texas Rules of Appellate Procedure's deadlines, 2) a request that Appellant be allowed to withdraw his plea, and 3) complaints about ineffective assistance of counsel in the area of cross-examination, preparation of the case, and allowing inadmissible evidence. However, Appellant was present for trial, observed the proceedings, and thus was aware of these potential issues prior to entering into the

---

1    It is important to note that prior to filing the Petition for Discretionary Review, Appellant never argued that his alleged errors were unforeseeable at the time the plea bargain was entered into, and the waiver was signed.

13

plea bargain agreement waiving his appellate rights. *See Blanco v. State,* 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000) (holding that the defendant's waiver of his appellate rights in exchange for a sixteen year sentence, entered into after the jury convicted him of the offense, was valid and could not be withdrawn as Appellant was "fully aware of the likely consequences when he waived his right to appeal").

Allowing Appellant to appeal despite his waiver would allow defendants to enter into plea bargain agreements without requiring them to uphold their part of the agreement. *Id.* ("[The defendant] was fully aware of the likely consequences when he waived his right to appeal, and it is not unfair to expect him to live with those consequences now."). Finally, unlike *Reedy,* Applicant still has an avenue through which he can pursue any subsequent claims which have arisen, or may rise after his waiver – a writ of habeas corpus. Consequently, Appellant's petition should be refused because this Court has already considered and rejected Appellant's issue and Appellant has not demonstrated that the court of appeals' opinion is in conflict with any established precedent of law. *See Lundgren,* 434 S.W.3d at 595-97; *Blanco,* 18 S.W.3d at 219-20; *Taylor,* 55 S.W.3d at 585.

## **PRAYER**

Wherefore, the State prays that the Court refuse Appellant's petition for discretionary review.

Respectfully submitted,

JARVIS PARSONS
DISTRICT ATTORNEY
BRAZOS COUNTY, TEXAS

/s/ *Jessica Escue*

Jessica Escue
Assistant District Attorney
300 E. 26th Street, Suite 310
Bryan, Texas 77803
State Bar Number 24059726
(979) 361-4320
Fax: (979) 361-4368
jescue@brazoscountytx.gov

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing State's Response to Appellant's Motion for Rehearing and State's Motion to Dismiss Appeal for Want of Jurisdiction was served electronically to Lane Thibodeaux, attorney for Appellant, at lanet1@msn.com on this the 1st day of June, 2015.

/s/ *Jessica Escue*

Jessica Escue

15

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

I certify that the forgoing document has a word count of 2,678 based on the word count program of Word 2010.

/s/ *Jessica Escue*

Jessica Escue