Affirmed and Memorandum Opinion filed July 14, 2005









Affirmed and Memorandum Opinion
filed July 14, 2005.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00477-CR

_______________

 

MIKELL JA AMAL REDDIC, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 966,933

                                                                                                                                               


 

M E M O R A N D
U M   O P I N I O N

After the trial court denied his motion to suppress,
appellant, Mikell Ja Amal Reddic, pled guilty to possession with intent to
deliver more than four grams but less than two hundred grams of cocaine.  In accordance with a plea agreement, the
trial court sentenced appellant to seven years= imprisonment.  In his sole issue, appellant contends that
the trial court erred by denying his motion to suppress.  We affirm.








Background

On November 2, 2003, Philomena Nwajei, a caseworker for Child
Protective Services, went to a Houston area apartment complex to investigate a
case.  Because Nwajei believed that drugs
and guns were possibly located in the apartment, she requested that officers
from the Houston Police Department accompany her as she made contact with the
occupants.

Officers Jason Streety, Ted Adams, and Tevis Mathis met
Nwajei at the apartment complex.  Nwajei
informed the officers that she intended to make contact with the occupants of
apartment 120.  Officers Adams and Mathis
decided to accompany Nwajei to the front door of the apartment.  Officer Adams instructed Officer Streety to
wait in a parking lot that was adjacent to the rear of apartment 120.  Before Officers Adams and Mathis completed
walking to the front door, appellant and a female companion, later identified
as Ashia Raymos, exited through the back door of apartment 120. 

The back door to apartment 120 is enclosed by a wooden patio
fence.  The gate of the patio fence leads
into the parking lot where Officer Streety was standing.  Officer Streety testified that he observed
Raymos walk through the gate into the parking lot.  Officer Streety testified that Raymos left
the gate open, so that Officer Streety was able to see the patio of the
apartment.  Officer Streety observed
appellant on the patio holding a plastic bag containing a white substance that
Officer Streety believed to be cocaine. 
Therefore, Officer Streety commanded appellant to walk over to him.  However, appellant stated that he was going
back inside.[1]  








Appellant walked back to the door and proceeded to unlock
it.  Officer Streety ran after appellant
and a struggle ensued at the doorway. 
Officer Streety shouted for assistance, and Officer Adams
responded.  After the officers restrained
appellant, Officer Adams conducted a field test on the white substance, which
tested positive for cocaine.

Motion to Suppress

In his sole issue, appellant contends that the trial court
erred by denying his motion to suppress because Officer Streety was unlawfully
on the patio of the apartment at the time he observed the cocaine in plain
view.

A.        Standard of
Review

When reviewing the trial court=s ruling on a motion to suppress, we
give almost total deference to a trial court=s determination of historical facts
and review de novo the trial court=s application of the law of search
and seizure.  Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000). 
The trial court is the exclusive finder of fact in a motion to suppress
hearing, and it may choose to believe or disbelieve all or any part of a
witness=s testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000).   When, as here,
the trial court makes no findings of historical fact, we review the evidence in
the light most favorable to the trial court=s ruling, assuming that the trial
court made implicit findings of fact supported in the record that buttress its
conclusion.  Id.

B.        Standing

The State contends that the trial court properly denied the
motion to suppress because appellant failed to establish that he had standing
to contest the officers= entry onto the patio of the apartment.[2]  Standing is a question of law, which we
review de novo.  State v.
Johnson, 896 S.W.2d 277, 285 (Tex. App.CHouston [1st Dist.] 1995), aff=d, 939 S.W.2d 586 (Tex. Crim. App. 1996).  








The purpose of both the Fourth Amendment to the United States
Constitution and Article I, Section 9 of the Texas Constitution, Ais to safeguard an individual=s legitimate expectation of privacy
from unreasonable governmental intrusions.@ 
Richardson v. State, 865 S.W.2d 944, 948 (Tex. Crim. App.
1993).  A defendant has standing, under
both constitutional provisions, to challenge the admission of evidence obtained
by a governmental intrusion only if he had a legitimate expectation of privacy
in the place invaded.  See Rakas v. Illinois,
439 U.S. 128, 143 (1978); Granados v. State, 85 S.W.3d 217, 222B23 (Tex. Crim. App. 2002); Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  Furthermore, the defendant, because he has
greater access to the relevant evidence, has the burden of proving facts
establishing a legitimate expectation of privacy.  Villarreal, 935 S.W.2d at 138; Calloway
v. State, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988).

To demonstrate a legitimate expectation of privacy, the
defendant must show that (1) by his conduct, he exhibited an actual subjective
expectation of privacy, and (2) circumstances existed under which society was
prepared to recognize his subjective expectation of privacy as objectively
reasonable.  Villarreal, 935
S.W.2d at 138.  Several factors are
relevant to determining whether a defendant=s claim of privacy is objectively
reasonable: (1) whether the defendant had a property or possessory interest in
the place invaded; (2) whether he was legitimately in the place invaded; (3)
whether he had complete dominion or control and the right to exclude others;
(4) whether, prior to the intrusion, he took normal precautions customarily
taken by those seeking privacy; (5) whether he put the place to some private
use; and (6) whether his claim of privacy is consistent with historical notions
of privacy.  Id.; Granados,
85 S.W.3d at 223.  However, this list of
factors is not exhaustive, and none of the factors are dispositive of a
particular assertion of privacy; rather courts must examine the totality of the
circumstances surrounding the governmental intrusion.  Granados, 85 S.W.3d at 223.     








In his written motion to suppress, appellant alleged that he Awas residing at a location where he
had a reasonable expectation of privacy.@ 
However, appellant failed to introduce sufficient evidence to show that
his subjective expectation of privacy in the apartment was one that society was
prepared to recognize as objectively reasonable.  

In his testimony at the suppression hearing, appellant stated
that he did not live in the apartment, and that he was at the apartment to
visit Lori Longoria, who is a close family friend.  Appellant testified that Longoria is the
individual named on the lease of apartment 120. 
Additionally, Ashia Raymos testified that appellant did not live in
apartment 120.  Raymos stated that she
and appellant were at the apartment watching a football game.

Appellant did not claim, or present any evidence to show,
that he had a property or possessory interest in the apartment.  Furthermore, appellant presented no evidence
to show that he was an overnight guest.  See
Minnesota v. Olson, 495 U.S. 91, 98 (1990) (holding overnight guests have a
legitimate expectation of privacy in their host=s home).  Because a mere guest in a residence does not
have standing, Villarreal, 935 S.W.2d at 137-39, and mere presence in a
premises does not automatically legitimize a challenge to the legality of a
search, Castro v. State, 914 S.W.2d 159, 164 (Tex. App.CSan Antonio 1995, pet. ref=d), we find the testimony presented
by appellant and Raymos is insufficient to meet appellant=s burden of proof on the issue of
standing.








Additionally, appellant presented no evidence to show that he
had unrestricted access to the apartment, dominion or control over the
apartment, or the right to exclude others. 
See Villarreal, 935 S.W.2d at 139 (holding that the appellant
failed to prove standing to challenge search of residence where there was no
evidence that he had a property or possessory interest, unrestricted access,
dominion or control, or the right to exclude others).  The only indicia we find in the record that
appellant may have had a legitimate expectation of privacy in the apartment is
Officer Streety=s testimony that appellant Aunlocked@ the back door to the apartment.  However, the record does not show that appellant
actually possessed a key to unlock the door or explain how appellant came into
possession of a key to the apartment. 
Therefore, we are unable conclude that Officer Streety=s testimony that appellant Aunlocked@ the back door to the apartment is
sufficient to satisfy appellant=s burden to prove a legitimate expectation of privacy in the
apartment or its curtilage.  

After examining the totality of the evidence in the record,
we hold that appellant did not prove that he has standing to contest the
officers= entry onto the patio of the
apartment. Therefore, the trial court did not err in denying appellant=s motion to suppress.

Having concluded that lack of standing is a correct theory of
law that supports the trial court=s denial of appellant=s motion to suppress and finds
adequate support in the record, it is unnecessary for us to address appellant=s argument that Officer Streety was
unlawfully on the patio at the time he observed the cocaine in plain view.  See Roquemore v. State, 60 S.W.3d 862,
866 (Tex. Crim. App. 2001) (holding that if the trial court=s decision is correct under any
theory of law applicable to the case, the ruling must be sustained).  Accordingly, we overrule appellant=s sole issue and affirm the trial
court=s judgment. 

 

 

 

/s/        Paul C. Murphy

Senior Chief Justice

 

Judgment rendered
and Memorandum Opinion filed July 14, 2005.

Panel consists of
Justices Edelman, Guzman, and Murphy.[3]

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant=s testimony at the suppression hearing differed
significantly from the testimony offered by Officer Streety.  Appellant testified that as soon as he opened
the back door, Officer Streety was on the patio.  





[2]  We observe
that the issue of standing may be raised for the first time on appeal.  See State v. Klima, 934 S.W.2d 109,
110B11 (Tex. Crim. App. 1996).  The rationale underlying this principle is
that the State is not raising a new issue, but merely challenging whether a
defendant has met his burden of alleging and proving standing, which is an
element of a Fourth Amendment claim.  Id.
at 111. 





[3]  Senior Chief
Justice Paul C. Murphy sitting by assignment.