Opinion issued January 5, 2006









 
     




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00888-CR




RONALD MICHAEL MARSH, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1232610




MEMORANDUM OPINION
          After his pretrial motion to suppress evidence was denied, appellant, Ronald
Michael Marsh, Jr., pleaded guilty to misdemeanor possession of marijuana. Pursuant
to a plea-bargain agreement, the trial court assessed appellant’s punishment at two
months confinement in the Harris County Jail and a $100.00 fine. In his sole issue,
appellant contends that the trial court erred in denying his motion to suppress
evidence seized during the search of his sister’s house. We affirm.
Background
          On April 23, 2004, an open line 911 call


 was placed from appellant’s sister’s
residence. Officer Dale Hubert of the Harris County Sheriff’s Department responded
to the call. When the officer arrived at the residence, he saw a black woman arguing
with a black man. After observing that the man appeared intoxicated, Hubert put him
inside his police car. He did not ask the woman if he could enter the residence
because he was not the first officer on the scene. Officer Hubert testified that his entry
into the residence was based on the fact that the other officer had entered before him. 
Shortly after he entered the house, Hubert began questioning the woman inside her
residence.
          Huber asked appellant’s sister if there was “anybody else in the house and if
there [were] any weapons in the house,” and she responded that her brother was asleep
in the room behind her and that she had a weapon in her bedroom. Hubert opened the
door, shone his flashlight into the room where appellant’s sister indicated that
appellant was sleeping, and he saw appellant lying on a futon-type bed. Appellant
jumped up and ran to reach for something on the dresser. Hubert saw that appellant
was reaching for marijuana and placed him in custody. Hubert reentered the house
and continued to search the room, where he found additional “baggies” of marijuana
in a brown paper bag. 
          After a hearing, the trial court denied appellant’s motion to suppress. No formal
written findings of fact were entered.
Motion to Suppress
          In his sole issue, appellant contends that the trial court erred in denying his
motion to suppress the marijuana because the evidence was seized without a warrant,
probable cause, or other lawful authority in violation of the Fourth, Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the
Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure. 
Standard of Review 
          In reviewing the trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to the facts. Id. 
          Where, as here, there are no findings of fact, we view the evidence in the light
most favorable to the trial court’s ruling and assume that the trial court made implicit
findings of fact that support its ruling as long as those findings are supported by the
record. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial
court’s decision is correct on any theory of law applicable to the case, the decision will
be upheld. Id. at 856. The fact finder is the sole judge of the witnesses’ credibility and
may accept or reject any or all of the witnesses’ testimony. Taylor v. State, 945
S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). 
Standing
          Appellant filed a pretrial motion to suppress the evidence taken from his sister’s
house pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United
States Constitution, Article I, Section 9 of the Texas Constitution, and under Article
38.23 of the Texas Code of Criminal Procedure. 
          On appeal, the State claims that appellant did not have standing to challenge the
validity of the search in this case. Appellant bears the burden to establish standing to
object to a search. State v. Klima, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996). The
existence of a reasonable expectation of privacy “in the premises searched is an
element” of the Fourth Amendment claim. Id. A denial of a motion to suppress “will
not be disturbed on appeal even in cases in which the record does not reflect that the
issue was ever considered by the parties or the trial court.” Id.
           Standing is a question of law, which we review de novo. State v. Johnson, 896
S.W.2d 277, 285 (Tex. App.—Houston [1st Dist.] 1995), aff’d, 939 S.W.2d 586 (Tex.
Crim. App. 1996). To have standing, or a reasonable expectation of privacy, a
defendant must show: (1) that he had an actual, subjective expectation of privacy,
exhibited by measures taken to protect the privacy of the property in question, and (2)
that his subjective expectation of privacy is one that society is prepared to recognize
as reasonable. See Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).
          The Court of Criminal Appeals has recognized the following factors as relevant
to the court’s determination of whether the accused’s subjective expectation was one
that society was prepared to recognize as objectively reasonable: (1) whether the
accused had a property or possessory interest in the place invaded; (2) whether he was
legitimately in the place invaded; (3) whether he had complete dominion or control
and the right to exclude others; (4) whether, before the intrusion, he took normal
precautions customarily taken by those seeking privacy; (5) whether he put the place
to some private use; and (6) whether his claim of privacy is consistent with historical
notions of privacy. Id.
          In Villarreal v. State, the Court of Criminal Appeals held that a non-overnight
guest did not have standing to challenge search of residence. Id. In Villarreal, there
was no evidence that the defendant had a property or possessory interest in, or
unrestricted access to, the residence. Id. Nor was there any evidence that the
defendant had dominion or control over the residence, or the right to exclude others. 
Id. Nor was there any evidence that he intended to stay overnight. Id. The court in
Villarreal held that the evidence did not establish that the defendant’s “subjective
expectation of privacy was one that society was prepared to recognize as objectively
reasonable under the circumstances.” Id.
          Similarly, here, there is nothing in the record to show that appellant exhibited
an actual subjective expectation of privacy in the residence or that any expectations
he may have had were of the types that society views as objectively reasonable. 
Appellant admits in his brief that the residence was “appellant’s sister’s house,” but
offers no evidence to demonstrate that he had an actual subjective expectation of
privacy in that residence. 
          Further, while the facts of this case indicate that appellant was asleep in a
bedroom at his sister’s house, the record does not indicate at what time of day the
events took place. Officer Hubert’s testimony at the motion to suppress hearing did
not indicate whether any of appellant’s clothing or personal effects were present in the
house. The presence of such items might have demonstrated appellant’s plans to stay
at the residence overnight. A non-overnight guest does not have standing to complain
of an unlawful search under either the Fourth Amendment or Article I, Section 9 of the
Texas Constitution. Villarreal, 935 S.W.2d at 139. The evidence in this case is
insufficient to demonstrate, among other things, that appellant was anything other than
a non-overnight guest. 
          Appellant failed to present any evidence during his suppression hearing to
establish that he had a reasonable expectation of privacy in his sister’s house. See id.
at 138. The evidence in the record does not establish that appellant had standing to
have the marijuana suppressed. Accordingly, we hold that the trial court did not abuse
its discretion in denying appellant’s motion to suppress.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
                                                                       George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
 
Do not publish. Tex. R. App. P. 47.4.