The STATE of Texas, Appellant,

v.

Sharon KLIMA, Appellee.

No. 934–95,.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1996.

Ron Butler, Marlin, for appellee.

Thomas B. Sehon, District Attorney, Marlin, Matthew W. Paul, Asst. State's Attorney, Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellee was charged with possession of marihuana. Prior to trial, the trial court granted appellee's motion to suppress all of the State's evidence, including 180 mature marihuana plants seized from a farm occupied by appellee's co-defendant. The State appealed. The Court of Appeals affirmed, holding that the State was procedurally barred from raising the issue of standing for the first time on appeal. *State v. Klima*, 910 S.W.2d 15 (Tex.App.—Waco 1995). We granted the State Prosecuting Attorney's pe-

tition for discretionary review to consider this holding.

On September 7, 1992, the Falls County Sheriff's Department received a tip that marihuana was growing at a nearby residence. Deputy Sheriff Ben Kirk learned that the residence was a farm belonging to Paul Wilson, appellee's co-defendant. Kirk sought and obtained a search warrant of the Wilson farm based upon the anonymous tip. Kirk then flew over Wilson's farm in a helicopter, observed the marihuana and landed the helicopter on the Wilson farm and read the search warrant to Wilson. Deputy Kirk and other officers then searched the house, barn, and surrounding farm land, and confiscated growing and dried marihuana plants. Wilson was arrested for possession of marihuana. Appellee, who was not at the farm when the warrant was executed, surrendered to police several days later.

Appellee moved to suppress all evidence seized from the Wilson farm, claiming the search warrant was invalid under the Fourth and Fourteenth Amendments to the United States Constitution in that it was based upon uncorroborated information from an anonymous informant. The trial court agreed and granted appellee's motion to suppress as to all items seized from Wilson's farm. The State appealed the suppression order.

■ On appeal the State claimed that appellee did not have standing to challenge the validity of the search warrant or the underlying affidavit. The State, citing *Flores v. State*, 871 S.W.2d 714 (Tex.Cr.App.1993), and *Wilson v. State*, 692 S.W.2d 661 (Tex.Cr.App. 1985) (opinion on rehearing), argued that the failure to contest appellee's standing before the trial court did not prevent the Court of Appeals from considering that issue on appeal. The Court of Appeals rejected this argument, holding that the rule announced in *Wilson*, which allows the State to raise the issue of standing for the first time on appeal, applies only in those cases in which the trial court denied the motion to suppress. *Klima*, 910 S.W.2d at 18–19. The Court of Appeals concluded that *Flores* and *Wilson* were not

controlling in this case because the State, not the appellee, brought the appeal. The Court of Appeals therefore refused to consider the merits of the State's point of error.

■ In *Wilson*, we held that standing could first be asserted by the State on appeal, and that the lack of such a challenge before the trial court would not be viewed as a " 'failure' of the government." [1] *Wilson*, 692 S.W.2d at 669. This Court noted that the United States Supreme Court declared that the application of Fourth Amendment rights are personal in nature and are invariably intertwined with the concept of standing. *Id.* at 667, citing *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

> "*Rakas* makes it plain that the question of a defendant's reasonable expectation of privacy is an issue going to the merits of his Fourth Amendment claim. Moreover, the Court has consistently held that the defendant bears the burden of proving that he had a legitimate expectation of privacy in the premises searched. *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, supra; *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)." *Wilson*, 692 S.W.2d at 667.

We further stated that *Rakas* put defendants on notice that the privacy interest in the premises searched is an *element* of their Fourth Amendment claim, which they bear the burden of establishing. *Id.* at 669; *see also, Flores*, 871 S.W.2d at 719–20 (following *Wilson*, holding that State may raise standing for first time on appeal in a case in which defendant's suppression motion was not granted). Failure to meet that burden and to establish standing may result in the denial of the motion to suppress. That decision will not be disturbed on appeal even in cases in which the record does not reflect that the issue was ever considered by the parties or the trial court. *Wilson*, 692 S.W.2d at 671.

---

1. The State may still forfeit standing issues through its assertions, concessions and acquiescence in the course of litigation. *Wilson*, 692

S.W.2d at 668, citing Steagald v. United States, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981).

As appellee points out, *Wilson* was a case in which the defendant appealed after the trial court denied his motion to suppress, and did not involve a State's appeal. *Wilson*, 692 S.W.2d at 668 (noting at the time *Wilson* was decided that the State did not have the right to appeal the granting of a motion to suppress); *Flores*, 871 S.W.2d at 720. Although distinguishable in this respect, the reasoning of *Wilson* is still applicable to the instant case and the observations made in *Wilson* remain true regardless of which party originally initiates the appellate process. *Cf. Wilson*, 692 S.W.2d at 668 (recognizing though not relying upon the line of cases which hold the government may raise the issue of standing for the first time on appeal regardless of whether the motion to suppress was granted or denied); *State v. Brady*, 763 S.W.2d 38, 42 (Tex.App.—Corpus Christi 1988, no pet.) (considering the standing issue *sua sponte* despite fact that State did not contest the issue before the trial court or on appeal in a case where defendant's suppression motion was granted); *see also, United States v. Caicedo–Llanos*, 960 F.2d 158, 162–63 (D.C.Cir. 1992) (declaring the personal nature of Fourth Amendment rights obligates the party asserting them to prove his rights were violated and may allow appellate consideration of questions of law, such as standing, which were neither pressed nor passed upon by the court below); *United States v. Morales*, 737 F.2d 761, 764 (8th Cir.1984) (finding government lost right to challenge standing issue by making inconsistent arguments at the suppression hearing and on appeal); *United States v. Hultgren*, 713 F.2d 79, 83 n. 6 (5th Cir.1983) (noting that standing is no longer considered a separate and distinct issue from a Fourth Amendment claim and that the issue might not be waived by the government for failure to assert it before the trial court); *United States v. Hansen*, 652 F.2d 1374 (10th Cir.1981) (allowing government to challenge standing issue for first time on appeal after defendant's motion to suppress was granted).

■ In the instant case appellee, by bringing the motion to suppress, bore the burden of establishing all of the elements of her Fourth Amendment claim. *Rawlings v. Kentucky*, 448 U.S. at 105, 100 S.Ct. at 2561, 65 L.Ed.2d at 642. Part of that proof included establishing her own privacy interest in the premises searched. *Wilson*, 692 S.W.2d at 666–67; *Rakas v. Illinois*, 439 U.S. at 149–50, 99 S.Ct. at 433, 58 L.Ed.2d at 404–05. The record also reveals that the State challenged the motion, although not on the issue of appellee's standing to contest the search. Article 44.01(a)(5), V.A.C.C.P., conferred upon the State the right to appeal the granting of the suppression order.[2] The State properly appealed pursuant to Article 44.01(a)(5), V.A.C.C.P., challenging the trial court's determination that appellee's Fourth Amendment rights were violated. By raising the issue of standing for the first time on appeal, the State did not raise a new issue. Rather it challenged the trial court's holding that appellee met her burden of establishing that the government violated her reasonable expectation of privacy. *Rakas v. Illinois*, 439 U.S. at 149–50, 99 S.Ct. at 433, 58 L.Ed.2d at 405; *United States v. Caicedo–Llanos*, 960 F.2d at 162 (holding courts "are powerless to rule on Fourth Amendment rights which do not belong to the parties before [them]" and that a defendant cannot convincingly argue surprise in such circumstances because he carries the burden of proving the extent of his Fourth Amendment rights from the outset). Appellee was on notice that it was her obligation to allege and prove standing, as standing was an element of her Fourth Amendment claim. *Wilson*, 692 S.W.2d at 669. The State's appeal properly placed the validity of the trial court's holding, hence appellee's standing, before the Court of Appeals and the Court of Appeals erred in refusing to consider the same.

2. Article 44.01 reads in pertinent part:
  "(a) The state is entitled to appeal an order of a court in a criminal case if the order:
  \* \* \* \* \* \*
  (5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has

not attached in the case...."

Accordingly the judgment of the Court of Appeals determining that the issue of standing was not properly before it on appeal and declining to reach the merits of the State's claim is reversed. This cause is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.

MANSFIELD, J., concurring.

I join the opinion of the Court. It is clear to me that because the issue of standing was not litigated in the trial court, and because there was no reason or opportunity for it to be litigated at that stage by the nonprevailing party, i.e. the State, the State was entitled to raise it for the first time on appeal. However, as pointed out by Judge Clinton in his concurring opinion, fundamental fairness requires that, where a motion to suppress is denied, a non-State appellant is equally entitled to raise for the first time, on appeal, an issue not addressed by the trial court on which the State has the burden of proof.

CLINTON, Judge, concurring.

When this Court decided *Wilson v. State,* 692 S.W.2d 661 (Tex.Cr.App.1985) (Opinion on State's motion for rehearing), the State did not have a right of appeal in criminal cases. Partly for that reason, we rejected as inapplicable in Texas a rationale offered by Professor LaFave for why, should the State fail to complain that standing to contest a search or seizure has not been established at the trial court level, it ought not to be permitted to raise that issue, as an appellant, for the first time on appeal. LaFave argues that, as we summarized it in *Wilson,* "when a prosecutor loses on the merits at the suppression hearing, he should be expected to put before the judge at that time any other basis upon which he is entitled to prevail." *Id.,* at 668. When the prosecutor does prevail at the trial court level, however, he cannot likewise be held accountable for failure to raise alternative bases for relief. He is not, therefore, procedurally barred from raising such an alternative basis in a reply brief on appeal. Along the way we noted in *Wilson* that even in some jurisdictions where the State does have the right to appeal from adverse judgments in criminal cases, it is not procedurally barred from raising standing

for the first time, as an appellant, on appeal, LaFave notwithstanding.

Now, of course, the State does have a limited right to appeal in Texas. Article 44.01, V.A.C.C.P. A question not even extant at the time of *Wilson* therefore confronts us today in this cause: May the State also raise standing for the first time on appeal *qua* appellant? The court of appeals answered the question no, citing another court of appeals opinion in *State v. Nolan,* 808 S.W.2d 556, (Tex.App.—Austin 1991). In *Nolan,* the Austin Court of Appeals had earlier held, much as Professor LaFave has suggested, that the State, *qua* appellant, must raise an issue for the first time in the trial court, or forfeit that issue on appeal. *Id.,* at 559. Today this Court holds our opinion in *Wilson* controls, without squarely addressing the procedural default argument. I write separately to do so.

In *Wilson* the Court noted that, since *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), what had been conceptualized as an independent issue of "standing" has become a part of the substantive question whether a Fourth Amendment violation has occurred—an issue upon which the defendant has the burden of proof. The defendant must carry both the burden of production and the burden of persuasion to establish he has an expectation of privacy in the place searched, an expectation that society recognizes as legitimate. Should the defendant fail to carry his burden of production—that is to say, should he produce either no evidence, or evidence from which no rational factfinder could find a reasonable expectation of privacy—we held in *Wilson* that the State, *qua* appellee, may complain for the first time on appeal. *Id.,* at 671. In effect we thus held that the State was entitled to argue that the defendant's evidence was insufficient on appeal, without having expressly challenged sufficiency at trial.

The rationale is, in essence, that by putting the defendant to his proof to establish standing, the State has done all it need to in order

to preserve the issue for appeal.* The hearing on the motion to suppress is itself enough to put the trial court on notice that the State contests every element of the defendant's burden of production, including the burden to show standing. There is no reason to expect the State specifically to call attention to the deficiency in order to raise it on appeal. If that is true for the State *qua* appellee, as the Court held in *Wilson,* then it logically applies to the State as appellant too. For this reason I concur in the result the Court reaches today.

The rule we announce today should be applied evenhandedly. To comprehend my meaning, consider a hypothetical: Suppose a defendant files a motion to suppress evidence, claiming it was the product of a warrantless search of his home. At the beginning of the hearing on the motion to suppress, the defendant requests the State to stipulate that the police officers had no warrant, and that the house they searched belonged to him. The prosecutor agrees. The defendant immediately rests on his motion to suppress. The State then rests, and both sides close. Without hearing argument or commenting on the merits, the trial court summarily denies the motion to suppress.

On appeal, the defendant argues that the trial court erred in denying the motion to suppress because the State failed to establish any exception to the warrant requirement, as was its burden once a warrantless search of his home was conceded. See *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Cr.App.1986). In its reply brief, the State counters that the defendant has forfeited his contention because he did not raise it in any fashion in the trial court. Consistent with today's ruling, the State's procedural default argument cannot prevail. Any holding to the contrary would only cement my suspicion that, as

construed by this Court, ordinary notions of procedural default only apply to the benefit of the State, never to its detriment. See, e.g., *Smith v. State,* 898 S.W.2d 838, at 872, n. 16 (Tex.Cr.App.1995) (Clinton, J., dissenting).

With these additional precatory remarks, I concur in the result.

MEYERS, J., joins.

---

* The rationale is analogous to that which supports our tacit assumption that a defendant need not object to the evidentiary sufficiency of the State's evidence of his guilt in order to raise the issue on appeal:

"Specifically, the defendant need not have moved for a directed verdict at any particular time or times and need not have sought a new trial on the basis of evidence insufficiency. A defendant's insistence upon going to trial satis-

fies whatever need there may be to put the trial court on notice that the defendant contests the sufficiency of the evidence."
Dix, G. & Dawson, R, 43 Texas Practice: Criminal Practice and Procedure § 43.382 (1995), at 314. Likewise, by putting the defendant to his proof at the pretrial suppression hearing, the State contests the sufficiency of his evidence to establish the elements of his Fourth Amendment claim, including standing.