11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Edward Shane Miller

Appellant

Vs.                   No. 11-01-00293-CR - Appeal from Taylor County

State of Texas

Appellee

 

                                                             Memorandum
Opinion

After the trial court overruled his motion to
suppress evidence, Edward Shane Miller waived his right to trial by jury and
entered a plea of Ano
contest@ to the
paragraph of the indictment which charged that he was guilty of possessing more
than four grams of methamphetamine with the intent to deliver.  The trial court accepted that plea and
ordered a presentence investigation. 
After that investigation was completed, the trial court assessed
punishment at confinement for 20 years. 
This appeal challenges the pretrial ruling on the motion to suppress
evidence.  We affirm the conviction.

                                                                   Points
of Error

Appellant presents two points of error, arguing
that the trial court erred in denying his motion to suppress evidence
because:  (Point One) Ait was not shown that the
purported consent to search was freely and voluntarily given@; and (Point Two) Athe warrant affidavit
presented [to] the magistrate was insufficient.@


                                                                Consent
to Search








The only witness at the hearing on the motion to suppress
evidence was Deputy Sheriff Donnie Edwards. 
He testified that he had been employed by the Taylor County Sheriff=s Department for almost 18
years and that he had been assigned to the Narcotics Division of that
department since 1995.  Deputy Edwards
testified that he secured a warrant on July 26, 2000, to search the residence
of Mickey Don Butler.  Deputy Edwards
and several other narcotics officers were present when a perimeter was set up
around the mobile home where Butler lived. 
While the officers were watching, they saw Butler leave the mobile home
with appellant.  The officers stopped
appellant=s vehicle,
and Butler gave them verbal consent to search his residence.  The officers did not complete the return on
the search warrant because the occupant of the mobile home had given his
consent for the search.  Deputy Edwards= testimony is not
contradicted.

Appellant states in his argument under Point of
Error No. 1 that:

Without
the 98.72 grams found in the residence, Appellant could not have been convicted
of possession with intent to deliver [more than four grams] of
methamphetamine.  Because of the trial
court=s denial of
Appellant=s Motion to
Suppress despite the utter failure of the State to even attempt to demonstrate
by clear and convincing evidence that the purported consent was freely and
voluntarily given, this conviction must be reversed.

 

Appellant has not shown that he had any rights of
privacy in the mobile home which was searched. 
Consequently, he does not have standing to challenge the search of
Butler=s
residence.  Rakas v. Illinois, 439 U.S.
128 (1978); State v. Klima, 934 S.W.2d 109, 110 (Tex.Cr.App.1996).   The first point of error is overruled.

                                             Insufficiency
of Affidavit for Search Warrant

Appellant does not have standing to question the
validity of the search warrant.  The
search of Butler=s
residence was done with Butler=s
consent and not by execution of the warrant. 
As already noted, appellant does not have standing to challenge the
search of Butler=s
residence.  Rakas v. Illinois, supra;
State v. Klima, supra.  The second point
of error is overruled.

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

March14, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of Arnot, C.J., and

Wright,
J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.