Opinion issued on June 1, 2006










    





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00411-CR




LEONSO GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 975,793




MEMORANDUM OPINION
          After his pretrial motion to suppress evidence was denied, appellant,
Leonso Garcia, pleaded guilty to the felony offense of delivery of marijuana,
weighing more than 50 pounds but less than 2,000 pounds, without an agreed
recommendation by the State as to punishment. The trial court found appellant
guilty and assessed punishment at six years’ confinement in the Harris County
Jail. In his sole issue, appellant contends that the trial court erred in denying his
motion to suppress evidence seized during the search of a trucking container
located at the place of arrest. We affirm.
Background
          Undercover detectives from the Harris County Organized Narcotics Task
Force negotiated with appellant regarding the possible large sale of marijuana. 
The undercover detectives were introduced to appellant through a confidential
informant. The men met at “Taqueria Ruchies” to discuss possible methods of
delivery of the drugs. Appellant agreed to accept a cargo van from the
undercover detectives to use during the transaction. A price of $450 per pound
was discussed.
          After the detectives made arrangements with the confidential informant,
the informant contacted appellant and advised him that the men would like to
meet and finalize the deal. Appellant arrived a short time later and told the men
that he had a sample of the drugs in his truck. He showed the sample to the
undercover detectives and informed the men that the marijuana was located near
I-10 and Wayside. Appellant proceeded to a service station at I-10 and Wayside,
with the detectives following. 
          At the station, appellant met with another man, Everado Moreno. Both
men wanted the detectives to do the deal at a nearby residence. The detectives
refused to go, saying that they would not take the money to an unknown location. 
They instructed appellant and Moreno to go to the residence, load the marijuana,
and then contact them to give them directions to the residence. Appellant and
Moreno agreed and drove to 6323 Queensland, Houston, Texas. The detectives
maintained surveillance and observed appellant and Moreno drive into the
driveway of the residence and park the van near the rear of the residence. 
          Sometime later, surveillance observed a truck leaving the residence. 
Officers arrived and stopped the truck. Appellant and Moreno were passengers
in the truck, and Pablo Velasquez was driving. The truck was registered to
Velasquez at 6323 Queensland. All three men were arrested, and officers
searched the premises at 6323 Queensland. On the rear of the property,
approximately 18 bundles of marijuana weighing 744 pounds were found in an
18-wheeler container. The marijuana was seized by police.
Motion to Suppress
          Appellant filed a pretrial motion to suppress the evidence taken from the
trucking container located at 6323 Queensland pursuant to article I, section 9 of
the Texas Constitution and article 38.23 of the Texas Code of Criminal
Procedure. In his sole issue, appellant contends that the trial court erred in
denying this motion because the evidence was seized without a warrant, probable
cause, or other lawful authority in violation of article I, section 9 of the Texas
Constitution and article 38.23 of the Texas Code of Criminal Procedure. We
disagree.
Standard of Review 
          In reviewing the trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000). We give almost total deference to the trial court’s
determination of historical facts that depend on credibility, while we conduct a
de novo review of the trial court’s application of the law to the facts. Id. 
          Where, as here, there are no findings of fact, we view the evidence in the
light most favorable to the trial court’s ruling and assume that the trial court made
implicit findings of fact that support its ruling as long as those findings are
supported by the record. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000). If the trial court’s decision is correct on any theory of law applicable to
the case, the decision will be upheld. Id. at 856. The fact finder is the sole judge
of the witnesses’ credibility and may accept or reject any or all of the witnesses’
testimony. Taylor v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.]
1997, pet. ref’d). 
Standing
          An accused has standing, under the constitution to contest a search only if
he had a legitimate expectation of privacy in the place searched. Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Appellant bears the burden
to establish standing to object to a search. State v. Klima, 934 S.W.2d 109, 110
(Tex. Crim. App. 1996). 
           Standing is a question of law, which we review de novo. State v. Johnson,
896 S.W.2d 277, 285 (Tex. App.—Houston [1st Dist.] 1995), aff’d, 939 S.W.2d
586 (Tex. Crim. App. 1996). To have standing, or a reasonable expectation of
privacy, a defendant must show: (1) that he had an actual, subjective expectation
of privacy, exhibited by measures taken to protect the privacy of the property in
question and (2) that his subjective expectation of privacy is one that society is
prepared to recognize as reasonable. See Villarreal, 935 S.W.2d at 138.
          The Court of Criminal Appeals has recognized the following factors as
relevant to the court’s determination of whether the accused’s subjective
expectation was one that society was prepared to recognize as objectively
reasonable: (1) whether the accused had a property or possessory interest in the
place invaded; (2) whether he was legitimately in the place invaded; (3) whether
he had complete dominion or control and the right to exclude others; (4) whether,
before the intrusion, he took normal precautions customarily taken by those
seeking privacy; (5) whether he put the place to some private use; and (6)
whether his claim of privacy is consistent with historical notions of privacy. Id.
          In Villarreal v. State, the Court of Criminal Appeals held that a
non-overnight guest did not have standing to challenge search of residence. Id.
at 139. In Villarreal, there was no evidence that the defendant had a property or
possessory interest in, or unrestricted access to, the residence. Id. Nor was there
any evidence that the defendant had dominion or control over the residence or the
right to exclude others. Id. Nor was there any evidence that he intended to stay
overnight. Id. The court in Villarreal held that the evidence did not establish
that Villareal’s “subjective expectation of privacy was one that society was
prepared to recognize as objectively reasonable under the circumstances.” Id.
          Appellant admitted in his affidavit attached to the motion to suppress that
the property on Queensland belonged to Pablo Velasquez, but he claims that he
had a possessory interest because the interior of the property could only be
entered through a locked gate to which he had access. He states that he knew the
exact location of the trucking container where the marijuana was found, that it
was accessible only by lock and key, and that he had access to the key. Appellant
argues not only did he have dominion and control over the property, but he also
had the right to exclude others. He contends that these are clear indications that
his status as to the property on Queensland and the locked container thereon far
exceed that of a temporary, invited guest. We disagree.
          Like Villarreal, there is nothing in the record here to show that appellant
had a property or possessory interest, complete dominion and control, or any
expectations of privacy in the property that were of the types that society views
as objectively reasonable. See id. At best, appellant’s affidavit addresses one of
the six relevant factors to be considered—that he had legitimate presence in the
place searched. Appellant’s mere assertion in his affidavit that he knew where
on Velasquez’s property the locked trucking container was located does not
satisfy his burden to prove a legitimate expectation of privacy in the residence at
6323 Queensland. 
          Further, appellant has not presented any evidence that he was an overnight
guest. A non-overnight guest does not have standing to complain of an unlawful
search under article I, section 9 of the Texas Constitution. Id. at 139. The
evidence in this case is insufficient to demonstrate, among other things, that
appellant was anything other than a non-overnight guest. 
          Appellant failed to present any evidence during his suppression hearing to
establish that he had a reasonable expectation of privacy in the property at 6323
Queensland. See id. at 138. The evidence in the record does not establish that
appellant had standing to have the marijuana suppressed. Accordingly, we hold
that the trial court did not abuse its discretion in denying appellant’s motion to
suppress.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.