IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0002-10






THE STATE OF TEXAS



v.



KENTON JERROD RHINEHART, Appellee





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY






 Keller, P.J., filed a dissenting opinion.


 The court of appeals held that the trial court should not have granted appellee's motion to
quash because there was nothing to indicate that the indictment was invalid. (1) The Court appears to
agree, (2) and I do too. The Court nevertheless reverses the court of appeals's judgment on the basis
that the State failed to preserve for review its complaint that there was no valid ground for quashing
the indictment. It is with this holding that I disagree.

 To say that the State failed to preserve its complaint for review, one must first conclude that
it needed to preserve the complaint. But the State need not preserve a complaint if the issue is one
which the defendant had the burden to prove in order to obtain relief. (3) In State v. Klima, the trial
court granted the defendant's motion to suppress, and the State raised the defendant's standing to
contest the search for the first time on appeal. (4) We explained:

In the instant case appellee, by bringing the motion to suppress, bore the burden of
establishing all of the elements of her Fourth Amendment claim. Part of that proof
included establishing her own privacy interest in the premises searched.


* * *



By raising the issue of standing for the first time on appeal, the State did not raise a
new issue. Rather, it challenged the trial court's holding that appellee met her burden
of establishing that the government violated her reasonable expectation of privacy. (5)


Similarly, a defendant who seeks to quash an indictment has the burden to establish a valid basis for
doing so. In this case, there was no valid basis for quashing the indictment. In pointing this out, the
State has not raised a new issue; it has merely challenged the trial court's holding that appellee met
his burden in the first place.

 The Court contends that Klima does not apply here for two reasons. First, the Court says that
the present case does not involve the issue of standing. I agree, but there was nothing talismanic
about the fact that the issue in Klima was "standing." The point of Klima was that the State did not
have to preserve an issue on which the defendant had the burden of proof; "standing" was simply
one example of that type of issue.

 Second, the Court contends that, under Steelman, the State may be required to preserve a
complaint about an issue on which the defendant has the burden. I believe that the Court misreads
Steelman. In Steelman, the defendant did not have the burden on the issue in question. The State
did. (6) In Steelman, the State urged the trial court to analyze the issue as one involving a warrantless
arrest and search:

COURT: You're proceeding under [the subsequently issued] search warrant here,
aren't you?


PROSECUTOR: No, sir, this is a warrantless search.


* * *


COURT: Do you think [based on] the facts of this case they had to get a search
warrant?


PROSECUTOR: Your Honor, I haven't thought about it in that light, I'll be honest
with the Court. I'm going on the basis that they went inside the residence based upon
the probable cause of smelling the marijuana. And I'll be honest, I haven't thought
about it in the light that you are.


COURT: That's the way I understand your argument that they didn't even need a
search warrant once they're there and smelled the marijuana. (7)


This Court explained:

[T]he State contended that the evidence should not be suppressed solely because the
warrantless arrest and warrantless search were legal. The State, for whatever reason,
choose [sic] not to rely upon the search warrant. (8)


 Once a defendant has made an initial showing that a search or seizure was without a warrant,
the burden of proof shifts to the State. (9) Because the Court in Steelman analyzed the search and
seizure as warrantless, due to the State's own explicit concession, it was the State that had the burden
to prove the propriety of the warrantless police activity in that case. (10) 

 Because I would affirm the judgment of the court of appeals, I respectfully dissent.


Filed: March 9, 2011

Publish



 
1. State v. Rhinehart, No. 05-09-0155-CR, slip op. at 5 (Tex. App.-Dallas October 12, 2009)
(not designated for publication).
2. Court's op. at 6.
3. State v. Klima, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996).
4. Id.
5. Id. (citations omitted).
6. State v. Steelman, 93 S.W.3d 102, 104-05 (Tex. Crim. App. 2002).
7. Id. at 105.
8. Id.
9. Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).
10. Or to show attenuation of the taint.