

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0002-10

### THE STATE OF TEXAS

### v.

### KENTON JERROD RHINEHART, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The court of appeals held that the trial court should not have granted appellee's motion to quash because there was nothing to indicate that the indictment was invalid.[1] The Court appears to agree,[2] and I do too. The Court nevertheless reverses the court of appeals's judgment on the basis that the State failed to preserve for review its complaint that there was no valid ground for quashing the indictment. It is with this holding that I disagree.

---

[1] *State v. Rhinehart*, No. 05-09-0155-CR, slip op. at 5 (Tex. App.–Dallas October 12, 2009) (not designated for publication).

[2] Court's op. at 6.

To say that the State failed to preserve its complaint for review, one must first conclude that it needed to preserve the complaint. But the State need not preserve a complaint if the issue is one which the defendant had the burden to prove in order to obtain relief.[3] In *State v. Klima*, the trial court granted the defendant's motion to suppress, and the State raised the defendant's standing to contest the search for the first time on appeal.[4] We explained:

> In the instant case appellee, by bringing the motion to suppress, bore the burden of establishing all of the elements of her Fourth Amendment claim. Part of that proof included establishing her own privacy interest in the premises searched.
>
> * * *
>
> By raising the issue of standing for the first time on appeal, the State did not raise a new issue. Rather, it challenged the trial court's holding that appellee met her burden of establishing that the government violated her reasonable expectation of privacy.[5]

Similarly, a defendant who seeks to quash an indictment has the burden to establish a valid basis for doing so. In this case, there was no valid basis for quashing the indictment. In pointing this out, the State has not raised a new issue; it has merely challenged the trial court's holding that appellee met his burden in the first place.

The Court contends that *Klima* does not apply here for two reasons. First, the Court says that the present case does not involve the issue of standing. I agree, but there was nothing talismanic about the fact that the issue in *Klima* was "standing." The point of *Klima* was that the State did not have to preserve an issue on which the defendant had the burden of proof; "standing" was simply one example of that type of issue.

Second, the Court contends that, under *Steelman*, the State may be required to preserve a

---

[3] *State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996).

[4] *Id.*

[5] *Id.* (citations omitted).

complaint about an issue on which the defendant has the burden. I believe that the Court misreads

*Steelman*.  In *Steelman*, the defendant did not have the burden on the issue in question.  The State

did.[6]  In *Steelman*, the State urged the trial court to analyze the issue as one involving a warrantless

arrest and search:

> COURT: You're proceeding under [the subsequently issued] search warrant here, aren't you?
>
> PROSECUTOR: No, sir, this is a warrantless search.
>
> * * *
>
> COURT: Do you think [based on] the facts of this case they had to get a search warrant?
>
> PROSECUTOR: Your Honor, I haven't thought about it in that light, I'll be honest with the Court. I'm going on the basis that they went inside the residence based upon the probable cause of smelling the marijuana. And I'll be honest, I haven't thought about it in the light that you are.
>
> COURT: That's the way I understand your argument that they didn't even need a search warrant once they're there and smelled the marijuana.[7]

This Court explained:

> [T]he State contended that the evidence should not be suppressed solely because the warrantless arrest and warrantless search were legal. The State, for whatever reason, choose [sic] not to rely upon the search warrant.[8]

Once a defendant has made an initial showing that a search or seizure was without a warrant,

the burden of proof shifts to the State.[9]  Because the Court in *Steelman* analyzed the search and

seizure as warrantless, due to the State's own explicit concession, it was the State that had the burden

---

[6]  *State v. Steelman*, 93 S.W.3d 102, 104-05 (Tex. Crim. App. 2002).

[7]  *Id.* at 105.

[8]  *Id.*

[9]  *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

to prove the propriety of the warrantless police activity in that case.[10]

      Because I would affirm the judgment of the court of appeals, I respectfully dissent.


Filed: March 9, 2011
Publish

---

[10] Or to show attenuation of the taint.