AFFIRM; Opinion Filed November 6, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01243-CR

**MARC BURNETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F11-51275-I

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

Marc Burnett was charged with possession with intent to deliver phencyclidine (PCP) in the amount of 4 grams or more but less than 200 grams. The trial court denied Burnett's motion to suppress evidence and Burnett subsequently entered a plea of guilty. The trial court assessed punishment at 16 years' imprisonment and a fine of $1,000. Burnett appeals and in a single issue argues that the trial court abused its discretion by not granting his motion to suppress. The background of the case and the evidence adduced at the hearing are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Whether a specific search or seizure was reasonable is a mixed question of law and fact and is reviewed de novo. *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004). When reviewing a trial court's ruling on a motion to suppress, we apply an abuse of discretion standard of review, giving almost total deference to the trial court's determination of the historical facts that the record supports, and a de novo standard for the legal components of the trial court's decision. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the trial court makes no explicit findings of historical facts, we view the evidence in the light most favorable to the trial court's ruling. *Carmouche*, 10 S.W.3d at 327–28.

The State may raise the issue of standing for the first time on appeal, *State v. Kilma*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996), and it has done so here. A defendant has standing to challenge a search only if the defendant can establish that he has a legitimate expectation of privacy in the place that is searched. *Granados v. State*, 85 S.W.3d 217, 222–23 (Tex. Crim. App. 2002). The defendant bears the burden of proof to make such a showing by demonstrating that he had a "subjective expectation of privacy in the place invaded that society is prepared to recognize as reasonable." *Id.* at 223. A non-exhaustive list of factors the Court considers when determining whether a person's expectation of privacy is reasonable includes: (1) whether the accused had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, prior to the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy. *Id.*

The record contains evidence that police officers, responding to an anonymous tip,

approached a house located at 4507 Colonial Avenue and entered the backyard through an open gate. Upon entering the backyard the officers observed Burnett holding paper currency and what they suspected to be PCP. Burnett was standing inside a burglar-bar gate but outside the door of the house. Upon seeing the officers, Burnett fled into the house and the police pursued. The officers entered the house through the unlocked burglar-bar gate and door and arrested Burnett. While performing a protective sweep of the house, the officers identified several vials containing PCP, bags of marijuana, and a large quantity of cash.

At the suppression hearing Burnett presented no evidence that would indicate a subjective expectation of privacy. The record indicates that Burnett did not testify or call any witnesses. The only evidence Burnett presented came from the prosecution witnesses and concerned the characteristics of the house itself. The record indicates that Burnett's trial counsel vigorously cross examined both prosecution witnesses about such matters as the height and size of the foliage on either side of the driveway of the house, the presence and height of a wooden fence, and how the sightlines at the back of the house were affected by a shed attached to the rear of the house. None of this testimony is relevant to or establishes Burnett's privacy interest in the house. While Burnett may have valiantly defended the home owner's privacy interest at trial, he showed no evidence that explained why such privacy interest should extend to himself. The trial court did not abuse its discretion in denying Burnett's motion to suppress.

The only evidence that touches on any of the elements this Court considers when determining standing was presented at the punishment phase of the trial. Officer Canete testified that he found a key in Burnett's pocket during a post-arrest search and that this key unlocked the front door. Canete also testified that Burnett told him during post-arrest questioning that "he was staying at the house we were at."

Assuming without deciding that this Court may consider evidence from the punishment phase of the prior proceeding to determine whether or not standing exists, Burnett, as a matter of law, still produced insufficient evidence of any reasonable, subjective expectation of privacy. Merely having a key is not sufficient to show a reasonable expectation of privacy. *See State v. Jenkins*, No. 05-09-00028-CR, 2009 WL 3467014, at *5 (Tex. App.—Dallas Oct. 29, 2009, pet. ref'd) (mem. op., not designated for publication). Burnett's statement that he was "staying at the house," standing alone, is not enough to establish that Burnett was a resident or guest of the house who would have a reasonable expectation of privacy. Because Burnett does not claim to be the owner of the house, or a permanent resident thereof, the only cognizable claim would be that he is an overnight guest. While an overnight guest can potentially possess a reasonable expectation of privacy, to establish such an expectation Burnett would have to show that he had a possessory interest, or unrestricted access; dominion, control over the residence, or the ability to exclude others; or evidence of an intent to stay overnight. *Villareal v. State*, 935 S.W.2d 134, 139 (Tex. Crim. App. 1996). The record does not show that Burnett presented any such evidence. And even if Burnett's statement that "he was staying there" could be taken as meaning he was staying overnight, his own statements earlier in the punishment proceedings indicate he was only staying at the house briefly following a drug purchase. Because this is a question of fact, we defer to the trial court and view the evidence in the light most favorable to the trial court's ruling. *Carmouche*, 10 S.W.3d at 327–28.

Viewing the facts of the case in the light most favorable to the trial court's ruling, and reviewing the questions of law de novo, the trial court did not abuse its discretion by finding that Burnett had failed to carry his burden of demonstrating a subjective expectation of privacy that society is prepared to recognize as reasonable. *See Granados*, 85 S.W.3d at 222–23; *Carmouche*,

10 S.W.3d at 327. We affirm the trial court's judgment.


                                    _____
                                    JIM MOSELEY
                                    JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111243F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARC BURNETT, Appellant

No. 05-11-01243-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No.
2 of Dallas County, Texas. (Tr.Ct.No. Cause
No. F11-51275-I).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 6, 2012.

_____
JIM MOSELEY
JUSTICE