

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00338-CR
No. 04-13-00339-CR

Elias Esequiel **VASQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court Nos. 11-CRS-270 & 11-CRS-272
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 10, 2014

AFFIRMED

At around 11:00 p.m., on February 27, 2011, appellant was involved in an automobile accident that resulted in the death of Guillermo Olivares III and bodily injury to Yadira Pena. Appellant pled guilty to intoxication manslaughter in the death of Olivares and guilty to intoxication assault for the injuries sustained by Pena.  A jury assessed punishment.  In both appeals, appellant asserts the trial court erred by denying his motion to suppress.  We affirm the trial court's judgment in both cases.

**BACKGROUND**

At the time of the accident, appellant was driving a maroon 2005 GMC Canyon owned by his mother, who had consented to his using the vehicle. After the accident, the vehicle was towed to a salvage yard. The complainants' vehicle, a 2008 Silverado, also was towed to the same salvage yard. Approximately eleven months after the accident, an investigator with the Starr County District Attorney's Office went to the salvage yard to obtain the electronic data recorder ("the EDR") from one of the vehicles. Joel Diaz, who managed the salvage yard, testified he was approached by the investigator who gave him a grand jury subpoena duces tecum for the Silverado. Diaz gave the investigator the EDR from the Silverado. About one week later, an investigator from the District Attorney's Office returned to the salvage yard, and told Diaz he had taken the EDR from the wrong vehicle, and he needed the EDR from the GMC Canyon. Diaz said the investigator had no paperwork with him; nevertheless, Diaz gave the investigator the EDR from the GMC Canyon. Appellant later filed a motion to suppress the EDR on the grounds it was illegally obtained. The trial court denied his motion, and these appeals ensued.

**STANDING**

In these appeals, we must decide whether appellant had standing to challenge the State's obtaining the EDR from the GMC Canyon. "The rights protected by the Fourth Amendment to the U.S. Constitution and Article I, Section 9, of the Texas Constitution are personal." *Matthews v. State*, 431 S.W.3d 596, 606 (Tex. Crim. App. 2014). "As such, [a defendant] must show that the search violated *his*, rather than a third party's, legitimate expectation of privacy." *Id.* (emphasis in original). A defendant seeking to suppress evidence obtained in violation of the Fourth Amendment must, therefore, show (1) that he exhibited an actual "subjective expectation of privacy in the place invaded," and (2) that "society is prepared to recognize that expectation of privacy as objectively reasonable." *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013).

Only after a defendant has established his standing to complain may a court consider whether he has suffered a substantive Fourth Amendment violation. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). Standing is reviewed de novo because it is a question of law. *Id.* In a motion to suppress, the movant has the burden to establish standing. *State v. Klima*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996).

A person has an expectation of privacy in a vehicle that he does not own if he has gained possession of the car from the owner with the owner's consent or from someone authorized to give permission to drive it. *See Matthews*, 431 S.W.3d at 607-08. In this case, appellant's mother testified she gave appellant permission to drive her GMC Canyon. Therefore, at the time of the accident, appellant had both a subjective and reasonable expectation of privacy in his mother's GMC Canyon. *See id.* at 610.

However, a party lacks standing to object to the reasonableness of a search of abandoned property. *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997). Abandonment of property occurs when the defendant intends to abandon the property and his decision to abandon it is not due to police misconduct. *Id.* "When police take possession of abandoned property independent of police misconduct[,] there is no seizure under the Fourth Amendment." *Id.* Abandonment is primarily a question of intent that can be inferred from the words and actions of the parties and other circumstances surrounding the alleged abandonment. *Id.* The dispositive issue is whether the defendant voluntarily discarded, left behind, or otherwise relinquished his interest in property so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search. *Id.*

Shortly after the accident, the GMC Canyon was towed to the salvage yard. Nothing in the record indicates either appellant or his mother attempted to regain possession of the vehicle in the almost eleven months following the February 27, 2011, accident. The investigator obtained the

GMC Canyon's EDR from Diaz on January 3, 2012. Diaz testified he has a Texas Nonrepairable Vehicle title to the GMC Canyon, and the State introduced a document showing the current owner of the vehicle to be State Farm County Mutual. This document also stated: "Registration invalid. . . . Nonrepairable Vehicle Title Issued. Tx Title Surrendered on 2011/05/13. . . . Salvaged on 2012/07/18. Evidence Surrendered: Tx Nonrepair Cert of Title . . . ." On this record, we conclude appellant abandoned any reasonable expectation of privacy in his mother's vehicle. Therefore, he lost standing to challenge the State's obtaining the EDR from the vehicle.

## CONCLUSION

We conclude the trial court did not err in denying appellant's motion to suppress. Therefore, we overrule appellant's issue in both appeals, and affirm the trial court's judgments.

Sandee Bryan Marion, Justice

Do not publish