

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0330-22

---

### TERRY WAYNE KING II, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### TARRANT COUNTY

---

**WALKER, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Today, the Court concludes that Appellant did not meet his burden to establish a reasonable expectation of privacy as would confer standing because he did not testify or present enough evidence demonstrating a reasonable expectation of privacy at the suppression hearing. I cannot agree. I believe Appellant met his burden because there was no evidence that his reasonable expectation of privacy in the truck, his secondary home, was diminished to the level of losing

standing by the time the second search was executed. Because I would affirm the judgment of the court of appeals, I respectfully dissent.

### I. There Is Little or No Evidence that Appellant's Expectation of Privacy May Have Been Diminished.

Under the Fourth Amendment, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated [.]" U.S. CONST. amend. IV. The chief concern underlying the Fourth Amendment is the protection from police officers' "unbridled discretion to rummage at will among a person's private effects." *State v. Martinez*, 570 S.W.3d 278, 283 (Tex. Crim. App. 2019) (citing *Arizona v. Gant*, 556 U.S. 332, 345 (2009) and *State v. Rodriguez*, 521 S.W.3d 1, 8–9 (Tex. Crim. App. 2017)). It is well-established that there is a strong privacy interest in one's home. *See United States v. York*, 895 F.2d 1026, 1029 (5th Cir. 1990) ("[T]he right to be free from unreasonable government intrusion into one's own home is a cornerstone of the liberties protected by the fourth amendment.") (citing *Payton v. New York*, 445 U.S. 573, 583–89 (1980)).

A defendant "has standing to challenge the admission of evidence obtained by an unlawful search or seizure only if he had a legitimate expectation of privacy in the place invaded." *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013) (internal quotation marks omitted). A defendant seeking to suppress evidence from a search or seizure bears the burden of showing that he had a reasonable expectation of privacy. *State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 105 (1980)); *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004) ("He must prove that he was a 'victim' of the unlawful search or seizure."). To meet this burden, a defendant must prove: (1) he has a subjective expectation of privacy in the

place searched; and (2) society is prepared to recognize that expectation as "reasonable." *State v. Granville*, 423 S.W.3d 399, 405 (Tex. Crim. App. 2014).

In determining whether a defendant's subjective expectation of privacy is one that society is prepared to recognize as objectively reasonable, this Court looks to the totality of the circumstances as well as the following non-exhaustive list of factors:

(1) whether the accused had a property or possessory interest in the place invaded;

(2) whether he was legitimately in the place invaded;

(3) whether he had complete dominion or control and the right to exclude others;

(4) whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy;

(5) whether he put the place to some private use; and

(6) whether his claim of privacy is consistent with historical notions of privacy.

*Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002) (citing *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)). The question here concerns whether Appellant established that his expectation of privacy in the truck remained intact at the time of the subsequent search several days later. *See McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997) (analyzing a defendant's expectation of privacy in the context of abandonment "at the time of the search").

When Appellant presented his motion to suppress to the trial court, he offered Defendant's Exhibit 7.[1] The exhibit included an affidavit for the search warrant of the truck, the search warrant itself, and the return and inventory list from the warrant's execution. The warrant affidavit states:

---

[1] Appellant offered Defense Exhibit No. 7. *See* Reporter's Record Volume 6, at 9. ("[Defense counsel]: Well, Judge, for that purpose, I would like to introduce for purposes of this [suppression] hearing only what I marked as Defense Exhibit No. 7, which is just a copy of the affidavit and – the affidavit, warrant, and return of the truck that was written in . . . Oklahoma County, Judge.").

> During this investigation it was discovered Terry is employed as a truck driver that drives cross country to complete deliveries. Terry regularly drives a green tractor trailer . . . during these deliveries and that it is believed he lives out of this vehicle while he is away from home. It is therefore reasonable to assume that the suspect would keep items such as cellphones, clothing, and backpacks within this vehicle as he travels . . . .

The return and inventory list of items seized included items such as: prescription medications, personal documents, photos, clothing, toiletries, a journal, a cell phone, and other personal items.

In contrast, the State presented no evidence at the suppression hearing to affirmatively refute that Appellant lost his expectation of privacy other than the fact that Appellant's employer was in possession of the truck due to his arrest. The State did not call any witnesses, and it did not cross-examine the witness called by Appellant. There is no evidence that the employer fired Appellant, that another driver was using the truck in his absence, or that there was an employment policy in place regarding possession of the truck if a driver is absent. Had he been able to post bail, Appellant may well have returned to living in the truck to continue making deliveries. Moreover, the subsequent search occurred only several days after Appellant's arrest. I hesitate to find that one loses standing to challenge a search of his secondary home simply because he was arrested several days earlier and needs the owner of the property to take possession of the property in his absence.

Appellant's use of the truck demonstrates that he had permission to operate and possess the truck, put the truck to private use, and it is likely that based upon his private use, he had the right to exclude others from the truck. *See Rakas v. Illinois*, 439 U.S. 128, 143 n.12 (1978) ("[O]ne who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude."). Appellant's use of the truck as a secondary home is also common among cross-country truckers, indicating that Appellant's

subjective expectation of privacy is consistent with historical notions of privacy found in the home and the workplace.

The Majority faults Appellant for not producing any exhibits at the hearing on the motion to suppress. Majority Opinion at 8. However, as I discussed above, Defendant's Exhibit 7 was produced and was sufficient evidence to show Appellant's reasonable expectation of privacy in the truck as to confer standing. The Majority also faults Appellant for not calling his employer to testify and for not testifying himself about his employment status and the status of the truck at the time of the search. Majority Opinion at 10. While such evidence would have bolstered Appellant's motion to suppress, it is unnecessary. Appellant offered solid evidence of his private use of the truck—he possessed the truck, he lived in it, he worked out of it, he likely had to right to exclude others from it, and there is no evidence that he was evicted from the truck. This is sufficient to demonstrate standing to challenge the State's search.

## II. It Is Immaterial that Appellant Did Not Own the Truck.

It should also be noted that the fact that Appellant was not the owner of the truck or only had access to it through his employment does not destroy his expectation of privacy. The Fourth Amendment right against police intrusion has been extended to protect the homes of tenants, hotel guests, and overnight guests in certain circumstances. *See Stoner v. California*, 376 U.S. 483, 490 (1964) ("No less than a tenant of a house, or the occupant of a room in a boarding house . . . a guest in a hotel room is entitled to constitutional protection against unreasonable searches and seizures."); *Tilgham v. State*, 624 S.W.3d 801, 811 (Tex. Crim. App. 2021) (a hotel guest has a reasonable expectation privacy unless hotel staff take affirmative steps to evict the guest); *Granados*, 85 S.W.3d at 226 (an overnight guest loses his expectation of privacy once he has been asked to leave by one with authority to exclude).

In the employment context, the Supreme Court has found that employees may have a reasonable expectation of privacy against police intrusion in their workplace. *O'Connor v. Ortega*, 480 U.S. 709, 716 (1987). The Supreme Court reasoned in *O'Connor* that "[a]s with the expectation of privacy in one's home, such an expectation in one's place of work is 'based upon societal expectations that have deep roots in the history of the [Fourth] Amendment.'" *Id.* (quoting *Oliver v. United States*, 466 U.S. 170, 178, n.8 (1984)).

In Appellant's case, the property searched served both as his workplace and his living space, weighing in favor of finding an expectation of privacy. The State's only argument at the suppression hearing was that the employer had possession of the truck after he was arrested. There is no evidence to conclude that Appellant was fired or otherwise evicted from the truck. The employer's possession of the truck is not fatal to Appellant's standing argument because the nature of the property involved would require the employer to take possession of the truck. This fact does not mean that the truck was removed from Appellant's use altogether. Therefore, based on the totality of the circumstances, I am unable to conclude that Appellant had no standing to challenge the State's search in the place where he worked and lived.

### III.    Conclusion

I believe Appellant met his burden to show standing. Appellant had standing to begin with, and there was no evidence that he lost that standing. Had the State attempted to rebut Appellant's argument and show that he had lost his expectation of privacy, my opinion may be different, but the State failed to do this. Therefore, I would affirm the judgment of the court of appeals. I respectfully dissent to the Court's decision to reverse.

FILED:        June 28, 2023

PUBLISH