

# In the Court of Criminal Appeals of Texas

---

## No. PD-0510-25

---

### The State of Texas

v.

### Grady Jack Barber, Appellee

---

### On Appellee's Petition for Discretionary Review From the Ninth Court of Appeals Liberty County

---

Yeary, J., filed a concurring opinion.

I join the Court's opinion. I write further only to suggest that, on remand, the court of appeals might consider, if necessary, whether Appellee even has standing to invoke the protections of Article 38.23(a), our statutory exclusionary rule. *See* Tex. Code Crim. Proc.

art. 38.23(a) ("No evidence obtained by an officer . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.").

The trial court in this case granted Appellee's motion to suppress the evidence of the results of his blood test for alcohol content. It concluded that the blood test was illegally obtained because a statutorily unauthorized officer executed the search warrant. On the State's appeal, the court of appeals reversed, concluding largely on the strength of this Court's opinion in *State v. Woodard*, 341 S.W.3d 404 (Tex. Crim. App. 2011), that the officer *was* statutorily authorized to arrest Appellee, and so was also authorized to execute the search warrant. Today, this Court reverses the reversal. In order to do so, it disavows *Woodard*. This has the effect of reinstating the trial court's pretrial ruling that the officer lacked the authority to carry out the blood-alcohol search warrant.

But the Court does not at this time affirm the trial court's judgment. Instead, it remands the case to the court of appeals for further proceedings. Why? Because on appeal, the State made an alternative argument that the officer acted in objective good faith, because the warrant he executed was signed by a neutral magistrate based upon probable cause. Especially in view of the fact that this Court

now finds it necessary to "disavow" *Woodard* in order to reverse the court of appeals' ruling, it seems likely that on remand, the court of appeals will find that the officer did in fact act in objectively reasonable good-faith reliance on the warrant as valid authority to personally obtain Appellee's blood. *See* TEX. CODE CRIM. PROC. art. 38.23(b) ("It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause."). But that is an issue for the remand.[1]

I write further only to suggest that, in the event the court of appeals should *fail* to find Article 38.23(b)'s good-faith exception to be applicable, it might also consider, if only as unassigned error, whether Appellee even has standing to invoke Article 38.23(a)'s exclusionary rule. This Court has said that Article 38.23(a) does not "confer automatic third party standing upon all persons accused of crimes, such

---

[1] It occurs to me that the State *might* also have argued that the officer was authorized to execute the blood-draw warrant by virtue of an authority to arrest Appellee under Article 14.03(a)(1) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 14.03(a)(1) (authorizing peace officers to arrest, without warrant, "persons found in suspicious places . . ."); *Armstrong v. State*, 713 S.W.3d 893, 905 (Tex. Crim. App. 2025) (Yeary, J., concurring) (advocating a reading of Article 14.03(a)(1) to authorize warrantless arrest whenever an officer has found a person in a location that is "suspicious" "because something about the location where the person is found establishes, or enhances, probable cause to believe [that he] . . . has committed" one of the enumerated offenses). But the State, as the appellant here, seems not to have pursued that argument, either at the pretrial hearing in the trial court or on appeal. I will, therefore, say no more about it.

that they may complain about the receipt of evidence which was obtained by violation of the rights of others, no matter how remote in interest from themselves." *Fuller v. State*, 829 S.W.2d 191, 202 (Tex. Crim. App. 1992). It is not clear to me that the officer's seizure of Appellee's blood pursuant to the warrant, unauthorized though he may have been to execute it under the auspices of Article 14.01(b) or 14.03(d), necessarily impacted Appellee's *personal* rights. *Cf. Chavez v. State*, 9 S.W.3d 817, 819–20 (Tex. Crim. App. 2000) (an officer's seizure of contraband outside of the geographical boundaries permitted by law did not constitute a violation of the appellant's rights, who therefore lacked standing to invoke the exclusionary rule in Article 38.23(a)). And issues of standing may be raised for the first time on appeal, *State v. Klima*, 934 S.W.2d 109 (Tex. Crim. App. 1996), so there is arguably no procedural default issue to prevent the court of appeals from addressing the issue, on its own, as unassigned error on remand. *See Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (courts of appeals may consider unassigned error on appeal, but any such claim, if it is subject to procedural default, must have been preserved for appeal).

 With this added observation, I join the Court's opinion.

**FILED:**         April 16, 2026
**PUBLISH**