PD-0235&0236-15

PD-0235&0236
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/27/2015 5:41:45 PM
Accepted 3/2/2015 11:48:22 AM
ABEL ACOSTA
CLERK

NO. PD-_____ AND PD-_____

## IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS

**ELIAS ESEQUIEL VASQUEZ, Appellant**

**vs.**

**THE STATE OF TEXAS, Appellee**

**APPELLANT VASQUEZ'S PETITION FOR DISCRETIONARY REVIEW
OF THE JUDGMENT AND OPINION IN
CAUSE NOS. 04-13-00338-CR AND 04-13-00339-CR**

FILED IN
COURT OF CRIMINAL APPEALS

March 2, 2015

ABEL ACOSTA, CLERK

**Respectfully submitted by
Appellant's attorney,**

**VICTORIA GUERRA
Texas Bar No. 08578900
320 W. Pecan Blvd.
McAllen, Texas 78501
(956) 618-2609
(956) 618-2553 Fax**

**ORAL ARGUMENT WAIVED
UNLESS REQUESTED BY COURT**

## IDENTITY OF PARTIES AND COUNSEL

Elias Esequiel Vasquez (hereinafter "Appellant" or "Mr. Vasquez") certifies that below is a complete list of all parties to the trial court's judgment and their trial counsel's names, addresses and telephone number.

1.   Mr. Vasquez, resides in the I.D.T.D.C.J., Ney Unit, 114 Private Road 4303, Hondo, TX 78861-3812.  His TDCJ number is: #01855231 .

2.   Mr. Vasquez's trial attorney was Juan Eduardo Garcia, whose office address is 102 Texas Ave.; phone number:  (956) 487-3739.

Mr. Flores' appellate counsel is the undersigned, Victoria Guerra, whose address is 3219 N. McColl Rd., McAllen, TX 78501; phone number:  (956) 618-2609; facsimile:  (956) 618-2553; email: vguerralaw@gmail.com .

3.  Appellee is the State of Texas.

4.   Appellee is represented by the Starr County Criminal District Attorney Omar Escobar and ADA Marty Garcia Vela.  Their address is:  3rd Floor, Suite 417, Starr County Courthouse, Rio Grande City, Texas 78582.  On appeal, Appellee is represented by John A. Olson. His contact information is as follows: 20634 Creek River, San Antonio, TX 78259; 210-307-0336 (phone).

5.  This case was heard by the Trial Court, Judge Ana Lisa Garza, and by a panel of three judges on the Thirteenth Court of Appeals who affirmed the judgment of the Trial Court.


*/s/ Victoria Guerra*
Victoria Guerra

# TABLE OF CONTENTS

**TABLE OF CONTENTS**…………………………………………………………………………..iii

**LIST OF AUTHORITIES**……………….……………………………………………...iv

**STATEMENT REGARDING ORAL ARGUMENT**…………….……………1

**STATEMENT OF THE CASE**…………………….……………………………2

**STATEMENT OF PROCEDURAL HISTORY**……………………………….2

**GROUNDS FOR REVIEW**…………………………………………………..3

**ARGUMENT AND AUTHORITIES**…………………………………………..4

**CONCLUSION AND PRAYER**..…………………………………………....7

**CERTIFICATE OF SERVICE**……………………………………………8

**APPENDIX**………………………………………………………………….

# INDEX OF AUTHORITIES

Cases

*Abel v. United States*, 362 U.S. 217 (U.S. 1960)..........................................5

*McDuff v. State*, 939 S.W.2d 607 (Tex. Crim. App. 1997) ...........................4

*Miller v. State*, 335 S.W.3d 847 (Tex. App.—Austin 2011, no pet.) .............5

*Smith v. State*, 286, S.W.3d 333 (Tex. Crim. App. 2009) ...........................4

Texas Rules of Appellate Procedure

9.4(i) (l) ....................................................................................................9

9.4(i)(3) .....................................................................................................9

NO.   PD-_____ AND PD-_____

**IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS**

**ELIAS ESEQUIEL VASQUEZ, Appellant**

**vs.**

**THE STATE OF TEXAS, Appellee**

_____

## APPELLANT VASQUEZ'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW ELIAS, Appellant in the above styled cause, and respectfully urges this Court to grant discretionary review of the above cause.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument, unless this Court deems that oral argument is necessary.

## STATEMENT OF THE CASE

Appellant was indicted on or about June 23, 2011 in a single count indictment, alleging that Defendant, on or about the 27th day of March, 2011, and before the presentment of this indictment, in Starr County, Texas, did then and there operate a motor vehicle in a public place while intoxicated by reason of the introduction of a combination of alcohol and marijuana into the body, and did by reason of such intoxication cause the death of another, namely, Guillermo Olivares, III, by accident or mistake, to-wit: by driving his motor vehicle into the motor vehicle of the said injured party. C14.[1]

## STATEMENT OF PROCEDURAL HISTORY

On August 27, 2012, Mr. Vasquez plead guilty to the indictment. 5R20. On November 27, 2012, Mr. Vasquez sought to have his plea of guilty set aside. 6R4; C91, 104, 112. The Trial Court granted Mr. Vasquez's motion to set aside his plea. 8R5, C186. Jury selection for Mr. Vasquez's trial began on April 29, 2013. 12R41. Mr. Vasquez plead guilty before the jury on April 30, 2013. The sentencing trial before the jury began on May 3,

---

[1] The companion case, appellate cause number 04-13-00339-CR arising from cause number 11-CRS-272 pertains to the charge of intoxication assault. The Trial Court consolidated these two cases. C449. Both cases arose out of the same incident and occurrence. The records are identical for all intents and purposes. However, the documents are in different order. Mr. Vasquez sees no reason why the two cases cannot be handled together.

2013. 14R18. The jury assessed a sentence of thirteen years confinement in the Texas Department of Criminal Justice and a fine of $ 10,000. 14R394, 399; C595. Mr. Vasquez filed a motion for new trial on May 29, 2013. C598. It appears that no hearing on this motion for new trial occurred. C10. Mr. Vasquez timely perfected his appeal. (Supplemental Clerk's Record).

## GROUNDS FOR REVIEW

**ISSUE NO. 1: WHETHER THE FOURTH COURT OF APPEALS ERRED IN HOLDING THAT MR. VASQUEZ HAD ABANDONED THE VEHICLE HE WAS DRIVING, THEREBY DIVESTING HIM OF FOURTH AMENDMENT PROTECTION**

## ARGUMENT

**ISSUE NO. 1: WHETHER THE FOURTH COURT OF APPEALS ERRED IN HOLDING THAT MR. VASQUEZ HAD ABANDONED THE VEHICLE HE WAS DRIVING, THEREBY DIVESTING HIM OF FOURTH AMENDMENT PROTECTION**

Appellant seeks review of the Court of Appeals' reliance and interpretation of *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997), which is misplaced.

There exists a fundamental error in this Court's opinion that skews this Court's analysis and result. Specifically, this Court's opinion was based not on the purported lack of standing of Mr. Vasquez to complain of a violation of his expectation of privacy when the police stole, in violation of the Fourth Amendment to the United States Constitution, the EDR from the GMC Canyon which Mr. Vasquez was driving.

Utilizing *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997), this Court held that Mr. Vasquez voluntarily discarded, left behind, or otherwise relinquished his interest in property so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search. No evidence exists to support this theory that appeared for the first time in the State's brief and was not raised at the trial court by the State.

4

Abandonment of property occurs only "if the defendant intended to abandon the property and his decision to abandon it was not due to police misconduct." *McDuff*, 939 S.W.2d at 616.

In *Miller v. State*, 335 S.W.3d 847 (Tex. App.—Austin 2011, no pet.) the court drew a distinction between voluntary and involuntary abandonment. In that case, the defendant, a police officer accidentally left a personal thumb drive which contained child pornography and police activity reports in a patrol-room computer. The court noted in footnote 4 that abandonment of property occurs only if the defendant *intended* to abandon the property and his decision to abandon it was not due to police misconduct (citing *McDuff*, 939 S.W.2d at 616) and it was undisputed that the defendant's abandonment of his thumb drive was unintentional. *See Miller*, 335 S.W.3d at 858.

In *Matthews v. State*, 431 S.W.3d 596 (Tex. Crim. App. 2014), the Court of Criminal Appeals held that the defendant had abandoned the borrowed vehicle when he took off running after the police conducted a stop.

Even the United States Supreme Court has addressed the abandonment issue. In *Abel v. United States*, 362 U.S. 217 (U.S. 1960), the defendant who was illegally present in the United States, and who was

5

under suspicion of espionage by the FBI, was arrested in a hotel room. During the search of the hotel room, a forged birth certificate was found in the trash can of the hotel room. The Court held that it was lawful to seize items thrown away in the wastepaper basket where the defendant had abandoned the articles contained in the basket by throwing them away.

None of those situations exist here which establish intentional abandonment of the vehicle. Mr. Vasquez was lying on the ground at the time of the collision. 14R31, 78. Mr. Vasquez was nonresponsive at the collision scene. 14R32, 78. District Attorney investigator Trinidad Lopez called for medical assistance. 14R31.

Meanwhile, the State maintained control over the vehicle. On or about January 3, 2012, a subpoena was issued to obtain the EDR from Rey's Auto Parts. CR291; 10R13–14. Although investigator Homer Flores initially obtained the EDR from the wrong vehcile pursuant to a grand jury subpoena, he later obtained the correct EDR without a warrant. 10R14. No evidence exists that Mr. Vasquez intentionally abandoned said vehicle. Even if he wanted to obtain return of the vehicle, he could not have because it was still in the State's custody, as the State needed it to obtain evidence as on January 3, 2012 and thereafter. *Id.*

It should also be strongly noted that the abandonment issue was not raised in the trial court and Mr. Vasquez nor the trial court had no opportunity to address said abandonment issue at said time.

As such, no evidence exists that Mr. Vasquez intentionally abandoned the vehicle at issue. The judgment of the trial court and opinion of the appellate court should be vacated, reversed, and this case should be remanded to the trial court for a new trial.

## CONCLUSION AND PRAYER

WHEREFORE, Mr. Vasquez prays that this Court vacate and reverse the appellate court's and trial court's decisions and remand this case to the trial court for a new trial. Mr. Vasquez also prays that this Court grant such other relief to which he is justly entitled.

Respectfully submitted,

Law Office of Victoria Guerra
3219 N. McColl Rd.
McAllen, Texas 78501
(956) 618-2609
(956) 618-2553 (facsimile)

By: */s/ Victoria Guerra*
Victoria Guerra
State Bar Number: 0857900
Appellate Attorney for Appellant

## CERTIFICATE OF SERVICE

On this 27th day February, 2015, the undersigned delivered a copy of the foregoing Appellant's brief to Appellee's Counsel jaolson_ccda@yahoo.com or his facsimile: 210-858-6780 and to the State Prosecuting Attorney at its fax: (512) 463-5724.

/s/ Victoria Guerra
Victoria Guerra
Attorney for Appellant

## CERTIFICATION OF COMPLIANCE

In compliance with TRAP 9.4(i)(3), the undersigned certifies that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(l), is 1092.

/s/ Victoria Guerra
Victoria Guerra



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00338-CR
No. 04-13-00339-CR

Elias Esequiel **VASQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court Nos. 11-CRS-270 & 11-CRS-272
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  December 10, 2014

AFFIRMED

At around 11:00 p.m., on February 27, 2011, appellant was involved in an automobile accident that resulted in the death of Guillermo Olivares III and bodily injury to Yadira Pena. Appellant pled guilty to intoxication manslaughter in the death of Olivares and guilty to intoxication assault for the injuries sustained by Pena. A jury assessed punishment. In both appeals, appellant asserts the trial court erred by denying his motion to suppress. We affirm the trial court's judgment in both cases.

## BACKGROUND

At the time of the accident, appellant was driving a maroon 2005 GMC Canyon owned by his mother, who had consented to his using the vehicle. After the accident, the vehicle was towed to a salvage yard. The complainants' vehicle, a 2008 Silverado, also was towed to the same salvage yard. Approximately eleven months after the accident, an investigator with the Starr County District Attorney's Office went to the salvage yard to obtain the electronic data recorder ("the EDR") from one of the vehicles. Joel Diaz, who managed the salvage yard, testified he was approached by the investigator who gave him a grand jury subpoena duces tecum for the Silverado. Diaz gave the investigator the EDR from the Silverado. About one week later, an investigator from the District Attorney's Office returned to the salvage yard, and told Diaz he had taken the EDR from the wrong vehicle, and he needed the EDR from the GMC Canyon. Diaz said the investigator had no paperwork with him; nevertheless, Diaz gave the investigator the EDR from the GMC Canyon. Appellant later filed a motion to suppress the EDR on the grounds it was illegally obtained. The trial court denied his motion, and these appeals ensued.

## STANDING

In these appeals, we must decide whether appellant had standing to challenge the State's obtaining the EDR from the GMC Canyon. "The rights protected by the Fourth Amendment to the U.S. Constitution and Article I, Section 9, of the Texas Constitution are personal." *Matthews v. State*, 431 S.W.3d 596, 606 (Tex. Crim. App. 2014). "As such, [a defendant] must show that the search violated *his*, rather than a third party's, legitimate expectation of privacy." *Id.* (emphasis in original). A defendant seeking to suppress evidence obtained in violation of the Fourth Amendment must, therefore, show (1) that he exhibited an actual "subjective expectation of privacy in the place invaded," and (2) that "society is prepared to recognize that expectation of privacy as objectively reasonable." *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013).

Only after a defendant has established his standing to complain may a court consider whether he has suffered a substantive Fourth Amendment violation. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). Standing is reviewed de novo because it is a question of law. *Id.* In a motion to suppress, the movant has the burden to establish standing. *State v. Klima*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996).

A person has an expectation of privacy in a vehicle that he does not own if he has gained possession of the car from the owner with the owner's consent or from someone authorized to give permission to drive it. *See Matthews*, 431 S.W.3d at 607-08. In this case, appellant's mother testified she gave appellant permission to drive her GMC Canyon. Therefore, at the time of the accident, appellant had both a subjective and reasonable expectation of privacy in his mother's GMC Canyon. *See id.* at 610.

However, a party lacks standing to object to the reasonableness of a search of abandoned property. *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997). Abandonment of property occurs when the defendant intends to abandon the property and his decision to abandon it is not due to police misconduct. *Id.* "When police take possession of abandoned property independent of police misconduct[,] there is no seizure under the Fourth Amendment." *Id.* Abandonment is primarily a question of intent that can be inferred from the words and actions of the parties and other circumstances surrounding the alleged abandonment. *Id.* The dispositive issue is whether the defendant voluntarily discarded, left behind, or otherwise relinquished his interest in property so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search. *Id.*

Shortly after the accident, the GMC Canyon was towed to the salvage yard. Nothing in the record indicates either appellant or his mother attempted to regain possession of the vehicle in the almost eleven months following the February 27, 2011, accident. The investigator obtained the

GMC Canyon's EDR from Diaz on January 3, 2012. Diaz testified he has a Texas Nonrepairable Vehicle title to the GMC Canyon, and the State introduced a document showing the current owner of the vehicle to be State Farm County Mutual. This document also stated: "Registration invalid. . . . Nonrepairable Vehicle Title Issued. Tx Title Surrendered on 2011/05/13. . . . Salvaged on 2012/07/18. Evidence Surrendered: Tx Nonrepair Cert of Title . . . ." On this record, we conclude appellant abandoned any reasonable expectation of privacy in his mother's vehicle. Therefore, he lost standing to challenge the State's obtaining the EDR from the vehicle.

## CONCLUSION

We conclude the trial court did not err in denying appellant's motion to suppress. Therefore, we overrule appellant's issue in both appeals, and affirm the trial court's judgments.

Sandee Bryan Marion, Justice

Do not publish